**WILMERHALE**

December 11, 2015

Lori A. Martin

+1 212 295 6412 (t)
+1 212 230 8888 (f)
lori.martin@wilmerhale.com

**VIA ECF**

The Honorable Robert W. Sweet
United States District Court
   for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:     *Richards-Donald, et al. v. Teachers Insurance and Annuity Assoc. of America*
           Civil Action No. 15-cv-08040 (RWS); Related Cases/Reassignment

To the Honorable Robert W. Sweet,

This Firm represents defendants Teachers Insurance and Annuity Association of America, TIAA Plan Investment Review Committee and Otha Spriggs in the above-captioned action, which was recently assigned to Your Honor and Magistrate Judge Sarah Netburn ("*Richards*"). Pursuant to Local Rule 13(b)(3) for the Division of Business Among District Judges, we write on behalf of Defendants to request that this case be reassigned as "related" to another action pending in this District: *Malone v. Teachers Insurance and Annuity Insurance Association of America*, 15-cv-08038 (PKC) ("*Malone*"). These cases should be treated as related proceedings, which should serve judicial efficiency and prevent potentially conflicting rulings.

*Malone* was filed the same day as the instant action and by the same counsel, Bailey & Glasser LLP. Teachers Insurance and Annuity Association of America ("TIAA") is the corporate defendant in both actions and is the sole defendant in *Malone*. The *Malone* action is in early stages and no responsive pleading has yet been filed.

Both cases are putative class actions asserting claims for breach of fiduciary duty and prohibited transactions under ERISA Sections 404 and 406. Although the named plaintiffs in the respective actions differ, both actions assert claims involving TIAA's role as recordkeeper to retirement plans and the fees associated with that service. In *Malone*, for example, the plaintiffs allege that TIAA received excessive compensation relating to recordkeeping services provided to non-party retirement plans, including by allegedly receiving "higher compensation" for recordkeeping than plans otherwise "would have paid." *See Malone* Complaint, dated October 13, 2015, at ¶ 36; *see also id.* at ¶ 40 (describing another recordkeeper as "lower-cost"); *see generally id.* at ¶¶ 3, 14, 24-26, 31, 35 (describing recordkeeping services and fees). In this action, plaintiffs also allege that TIAA received excessive compensation for recordkeeping services it provided to the retirement plans for TIAA's employees. *See Richards* Complaint at ¶ 9 (alleging that TIAA

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Washington

WILMERHALE

The Honorable Robert W. Sweet
December 11, 2015
Page 2

"charged excessive fees that benefited itself"); *see also id.* at ¶¶ 55-62 (describing recordkeeping fees and services).

Pursuant to Business Rule 13(a)(1), two matters are related "when the interests of justice and efficiency will be served." The Rule sets forth four factors that a court will consider in determining relatedness: "whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses."

Here, TIAA is a defendant in both actions and its recordkeeping fees are at issue in both actions. It appears from the two complaints that there is substantial factual overlap with respect to TIAA's role as recordkeeper for the third-party retirement plans (*Malone*) and for its own retirement plans (*Richards*), particularly with respect to an evaluation of the fees charged by TIAA, the services provided for those fees, how those fees compare to the market for similar services, and issues related to revenue sharing and fees paid for multiple retirement plan services. The overlapping factual and legal issues present the likelihood of duplicative document discovery and that certain witnesses will need to be deposed in both actions (among other potential inefficiencies), creating an undue burden on TIAA and generating unnecessary expense. Designating the actions as related would assure that Defendants are not subject to conflicting orders and inconsistent rulings on issues relating to TIAA's role as recordkeeper.

Accordingly, Defendants respectfully request that this action be deemed "related" to the *Malone* action (15-cv-08038 (PKC)). Because *Malone* was the earlier-filed action and assigned a lower docket number, we respectfully request that this action be reassigned to Judge Castel. We have conferred with counsel for Plaintiffs, who do not join this request.

Respectfully submitted,

Lori A. Martin

cc:  Counsel of Record (via ECF)
     Counsel of Record in *Malone v. TIAA*