UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA RICHARDS-DONALD and MICHELLE DEPRIMA, individually and on behalf of a class of all other persons similarly situated, and on behalf of the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and the Teachers Insurance and Annuity Association of America Retirement Plan, <br><br>                 Plaintiffs, <br><br>   v. <br><br> TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA; TIAA PLAN INVESTMENT REVIEW COMMITTEE; OTHA "SKIP" SPRIGGS; and JANE AND JOHN DOES 1-25, <br><br>                 Defendants. | Civ. A. No. 15-cv-08040-PKC |

# DEFENDANTS' ANSWER AND
# AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Lori A. Martin
Debo P. Adegbile
Brad E. Konstandt
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:  (212) 230-8800
Facsimile:    (212) 230-8888
Lori.Martin@wilmerhale.com
Debo.Adegbile@wilmerhale.com
Brad.Konstandt@wilmerhale.com

*Attorneys for Defendants*

Defendants Teachers Insurance and Annuity Association of America ("TIAA"), TIAA Plan Investment Review Committee (the "Committee"), and Otha "Skip" Spriggs (together, "Defendants"), by their attorneys, hereby answer the Plaintiffs' Complaint, dated October 13, 2015.  Defendants deny all allegations in the Complaint to the extent the allegations suggest that Defendants breached their fiduciary duties to Plaintiffs or any other participant in the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan ("401(k) Plan") or the Teachers Insurance and Annuity Association of America Retirement Plan ("Retirement Plan") (together, the "Plans"), or engaged in any prohibited transactions.  Defendants further respond to the specific allegations in the Complaint as follows:

1. Defendants admit that Plaintiffs purport to bring this action against Defendants individually and on behalf of a putative class of participants in the Plans.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2, except deny the allegation that discovery will uncover support for the allegations in the Complaint.

3. To the extent Paragraph 3 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the documents cited for their contents.

4. To the extent Paragraph 4 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the text of the statute cited for its contents.

5. To the extent Paragraph 5 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the text of the statute cited for its contents.

6. Defendants deny the allegations contained in Paragraph 6, except admit that TIAA was the named fiduciary of the Plans during the putative Class Period; that the Committee was a fiduciary to the Plans during the putative Class Period with respect to certain responsibilities, duties and acts; and that Mr. Spriggs was a fiduciary to the Plans for a portion of the putative Class Period with respect to certain responsibilities, duties and acts.

7. Defendants deny the allegations contained in Paragraph 7, except admit that Plaintiffs purport to bring the claim stated for the relief sought.   Defendants further admit that Mr. Spriggs is an officer of TIAA, and that any person serving as Executive Vice President in charge of Human Resources during the putative Class Period is an officer or employee of TIAA. Defendants further admit that in 2013 all of the Plans' investment options were managed by TIAA or an affiliate.

8. Defendants deny the allegations contained in Paragraph 8, except admit that Plaintiffs purport to bring the claim stated for the relief sought.

9. Defendants deny the allegations contained in Paragraph 9, except admit that Plaintiffs purport to bring the claim stated for the relief sought.   Defendants further admit that Mr. Spriggs is an officer of TIAA, and that any person serving as Executive Vice President in charge of Human Resources during the putative Class Period is an officer or employee of TIAA. Defendants further admit that during the putative Class Period TIAA served as Recordkeeper of the Plans.

10. Defendants deny the allegations contained in Paragraph 10, except admit that Plaintiffs purport to bring the claim stated for the relief sought.

11. Defendants deny the allegations contained in Paragraph 11, except admit that Plaintiffs purport to bring this action pursuant to the statutes cited therein.

12. Defendants deny the allegations contained in Paragraph 12, except admit that Plaintiffs purport to bring this action pursuant to ERISA.

13. Defendants deny the allegations contained in Paragraph 13, except admit that Plaintiffs purport to bring this action on behalf of a class and covering the putative Class Period.

14. To the extent Paragraph 14 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiffs purport to base jurisdiction over the subject matter of this action on the statutes cited therein.

15. To the extent Paragraph 15 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiffs purport to base personal jurisdiction of this action on the statutes cited therein.

16. To the extent Paragraph 16 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiffs purport to base venue on the statutes cited therein.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17, except admit that Plaintiff Richards-Donald participated in the Plans during the putative Class Period.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18, except admit that Plaintiff DePrima participated in the 401(k) Plan during the putative Class Period and participated in the Retirement Plan for a portion of the putative Class Period.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19, except admit that during the putative Class

Period Plaintiffs held individual accounts in at least one of the respective Plans, and that those accounts were invested in various investment options offered under the Plans.

20. Defendants admit the allegations contained in Paragraph 20.

21. Defendants admit the allegations contained in Paragraph 21.

22. Defendants admit the allegations contained in Paragraph 22.

23. Defendants admit the allegations contained in Paragraph 23.

24. Defendants admit the allegations contained in Paragraph 24.

25. Defendants admit the allegations contained in Paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26, except admit that Plaintiffs purport to name as additional defendants Jane and John Doe members of the Committee and/or TIAA Executive Vice Presidents in charge of Human Resources during the putative Class Period.

27. To the extent Paragraph 27 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except admit that TIAA was the named fiduciary of the Plans during the putative Class Period; that the Committee was a fiduciary to the Plans during the putative Class Period with respect to certain responsibilities, duties and acts; and that Mr. Spriggs was a fiduciary to the Plans for a portion of the putative Class Period with respect to certain responsibilities, duties and acts. Defendants respectfully refer the Court to the text of the statutes cited for their contents.

28. To the extent Paragraph 28 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except admit that TIAA managed one or more of the investment options offered by the Plans during the Class

4

Period, including the TIAA Real Estate Account, and respectfully refer the Court to the text of the statute cited for its contents.

29. Defendants admit the allegations contained in Paragraph 29.

30. Defendants admit the allegations contained in Paragraph 30.

31. Defendants admit the allegations contained in Paragraph 31.

32. Defendants admit the allegations contained in Paragraph 32.

33. Defendants admit the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34, except state that as of the end of the 2013 plan year the Retirement Plan had 16,978 combined participants and deceased participants with beneficiaries entitled to benefits.

35. Defendants admit the allegations contained in Paragraph 35.

36. Defendants admit the allegations contained in Paragraph 36.

37. Defendants admit the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38, except admit that TIAA, as Plan Administrator, is responsible for selecting, monitoring, and removing the service-providers to the Plans, including the Recordkeeper; that TIAA, as Plan Administrator, has the authority to designate other persons to carry out certain of its fiduciary responsibilities; and that any person serving as Executive Vice President in charge of Human Resources during the period October 14, 2009 to the present is an officer or employee of TIAA, and is not independent of TIAA.

39. Defendants deny the allegations contained in Paragraph 39, except admit that TIAA serves as Recordkeeper for the Plans, provides various administrative and other services to the Plans in that role, and receives reasonable compensation for providing those services.

5

40. Defendants deny the allegations contained in Paragraph 40, except admit that as of the end of 2013 the Plans in aggregate held more than $3 billion in net assets available for benefits, which were invested in the investment options offered under the Plans (Mutual Funds and General, Separate & CREF Accounts Available Under Annuity Contracts & Certificates); that the investment options offered under the Plans are established and managed by TIAA or its affiliate CREF; and that TIAA or its affiliate CREF receive compensation for providing investment management and other services to those investment options. Defendants admit the definitions contained in Footnote 1 to Paragraph 40.

41. Defendants admit the allegations contained in Paragraph 41.

42. Defendants admit the allegations contained in Paragraph 42.

43. Defendants admit the allegations contained in Paragraph 43.

44. Defendants admit the allegations contained in Paragraph 44.

45. Defendants admit the allegations contained in Paragraph 45.

46. Defendants admit the allegations contained in Paragraph 46, except state that the Plans' Forms 5500 refer to the referenced investments as "mutual funds" during the period 2011 through 2014, and that CREF Inflation-Linked Bond is listed in Schedule H, Line 4i of the Forms 5500 as CREF "Inflation Bond."

47. Defendants admit the allegations contained in Paragraph 47.

48. To the extent Paragraph 48 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the statute cited for its contents, and admit that as of the end of 2013 the Plans in aggregate held more than $3 billion in net assets available for benefits.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52, except respectfully refer the Court to the document cited for its contents.   Defendants state that the cited document reports "total plan costs" based upon three different metrics, but that the allegations in Paragraph 52 refer only to one of those three metrics.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55, except admit that during certain periods in the putative Class Period certain CREF accounts charged 24 basis points for the full range of recordkeeping and administrative services that TIAA provides, and that during certain periods in the putative Class Period certain mutual funds charged 15 basis points for the full range of recordkeeping and administrative services that TIAA provides.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59, except respectfully refer the Court to the document cited for its contents.

60. Defendants deny the allegations contained in Paragraph 60.

61. Defendants deny the allegations contained in Paragraph 61.

62. Defendants deny the allegations contained in Paragraph 62.

63. To the extent Paragraph 63 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the statute cited for its contents.

64. To the extent Paragraph 64 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the statute cited for its contents.

65. To the extent Paragraph 65 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the documents cited for their contents.

66. To the extent Paragraph 66 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the document cited for its contents.

67. To the extent Paragraph 67 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the document cited for its contents.

68. To the extent Paragraph 68 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the document cited for its contents.

69. To the extent Paragraph 69 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the document cited for its contents.

70. To the extent Paragraph 70 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the statute cited for its contents.

71. To the extent Paragraph 71 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the statute cited for its contents.

72. To the extent Paragraph 72 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except respectfully refer the Court to the statutes cited for their contents.

73. To the extent Paragraph 73 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and further purport to bring the action on behalf of the putative class defined in Paragraph 73.

74. To the extent Paragraph 74 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

75. To the extent Paragraph 75 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except admit that as of the years ended 2009-2014, the Plans in aggregate had more than 20,000 participants and beneficiaries.

76. To the extent Paragraph 76 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

77. To the extent Paragraph 77 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

78. To the extent Paragraph 78 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

79. To the extent Paragraph 79 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

80. To the extent Paragraph 80 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

81. To the extent Paragraph 81 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

82. Defendants repeat and reassert each and every response set forth in the foregoing Paragraphs as if fully set forth below.

83. To the extent Paragraph 83 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiffs purport to allege a breach of fiduciary duty.

84. Defendants deny the allegations contained in Paragraph 84, except state that TIAA delegated to the Committee responsibility for selecting, monitoring and removing investment options in the Plans.

85. Defendants deny the allegations contained in Paragraph 85.

86. Defendants deny the allegations contained in Paragraph 86.

87. To the extent Paragraph 87 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

88. To the extent Paragraph 88 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

89. To the extent Paragraph 89 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

90. Defendants repeat and reassert each and every response set forth in the foregoing Paragraphs as if fully set forth below.

91. To the extent Paragraph 91 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiffs purport to allege prohibited transactions.

92. To the extent Paragraph 92 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except admit that TIAA is the named fiduciary of the Plans and that the Committee is a fiduciary to the Plans with respect to certain responsibilities, duties and acts.

93. To the extent Paragraph 93 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

94. To the extent Paragraph 94 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

95. To the extent Paragraph 95 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

96. Defendants repeat and reassert each and every response set forth in the foregoing Paragraphs as if fully set forth below.

97.     To the extent Paragraph 97 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiffs purport to allege breach of fiduciary duty.

98.     Defendants deny the allegations, except admit that TIAA, as Plan Administrator, is responsible for selecting, monitoring, and removing the service-providers to the Plans, including the Recordkeeper.

99.     Defendants deny the allegations, except admit that TIAA, as Plan Administrator, is responsible for selecting, monitoring, and removing the service-providers to the Plans, including the Recordkeeper.  Defendants further admit that TIAA serves as Recordkeeper for the Plans, provides various administrative and other services to the Plans in that role, and receives reasonable compensation for providing those services.

100.    To the extent Paragraph 100 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations.

101.    To the extent Paragraph 101 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations.

102.    To the extent Paragraph 102 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations.

103.    Defendants repeat and reassert each and every response set forth in the foregoing Paragraphs as if fully set forth below.

104.    To the extent Paragraph 104 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiffs purport to allege prohibited transactions.

105. To the extent Paragraph 105 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations, except admit that TIAA is the named fiduciary of the Plans and that Mr. Spriggs has been a fiduciary to the Plans for a portion of the putative Class Period with respect to certain responsibilities, duties and acts.

106. To the extent Paragraph 106 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

107. To the extent Paragraph 107 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

108. To the extent Paragraph 108 states a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs have failed to plead their claims against Defendants with particularity.

### THIRD AFFIRMATIVE DEFENSE

3. Defendants are not liable to Plaintiffs because they did not breach any fiduciary duties to Plaintiffs or any participants in the Plans, did not engage in conduct that would constitute a breach of fiduciary duty, and loyally and prudently managed the assets of the Plans. Defendants acted at all times in good faith, in accordance with applicable law, and without knowledge of any wrongful acts or intent. Any and all acts taken by Defendants were lawful, proper and consistent

with their duties and obligations to the Plaintiffs and the Plans.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendants are not liable to Plaintiffs because they discharged their duties solely in the interest of the Plans and their participants and beneficiaries, and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendants are not liable to Plaintiffs because the fees paid by Plaintiffs were reasonable for the services provided to the Plans and their participants, including but not limited to the expense ratios of the investment options offered under the Plans and the fees charged for recordkeeping and other administrative services provided to the Plans and their participants.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendants are not liable to Plaintiffs because the Plans' total plan costs were not excessive for the services provided.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendants are not liable to Plaintiffs because the Plans' Recordkeeper did not charge excessive fees for the services provided.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendants are not liable to Plaintiffs because they did not engage in self-dealing or prohibited transactions and/or because the transactions at issue are exempted by individual, class, or statutory exemptions.   The applicable exemptions include, but are not limited to:   (i) ERISA statutory exemptions pursuant to §§ 408(b)(2), 29 U.S.C. §§ 1108(b)(2); (ii) Department of Labor

Prohibited Transaction Exemption (PTE) 77-3, 42 Fed. Reg. 18734 (Mar. 31, 1977), and PTE 84-24, 49 Fed. Reg. 13208 (Apr. 3, 1984), amended by 71 Fed. Reg. 5887 (Feb. 3, 2006); and (iii) all applicable individual TIAA exemptions.

## NINTH AFFIRMATIVE DEFENSE

9.      Defendants are not liable to Plaintiffs because the Defendants' processes for selecting, reviewing and monitoring the Plans' investment options, service providers and fees were robust and informed, and therefore entitled to judicial deference.

## TENTH AFFIRMATIVE DEFENSE

10.      Defendants are not liable to Plaintiffs because the Plans offered participants a reasonable selection of investment options reflecting different strategies, risks and costs.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      Defendants are not liable to Plaintiffs because the Plans offered participants investment options charging fees below or in line with market expense ratios.

## TWELFTH AFFIRMATIVE DEFENSE

12.      Defendants are not liable to Plaintiffs because "nothing in ERISA requires every fiduciary to scour the market to find and offer the cheapest possible fund (which might, of course, be plagued by other problems)." *Hecker v. Deere & Co.*, 556 F.3d 575, 586 (7th Cir. 2009).

## THIRTEENTH AFFIRMATIVE DEFENSE

13.      Defendants are not liable to Plaintiffs because the Plans provided participants with reasonable investment options and charged reasonable fees and expenses.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.      Defendants are not fiduciaries for all of the conduct alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiffs and others alleged to be members of the putative class lack standing to maintain some or all of their claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Claims brought by Plaintiffs and others alleged to be members of the putative class against Defendants are barred in whole or in part by applicable statutes of limitation.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiffs' claims against Defendants are barred in whole or in part by Plaintiffs' knowledge of all material facts concerning their participation in the Plans, including but not limited to the expense ratios of the investment options in the Plans and all other fees charged to participants in the Plans.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiffs' claims against Defendants are barred in whole or in part by Plaintiffs' own actions, omissions, and/or negligence.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiffs have not suffered any injury or harm as a result of the actions or omissions of Defendants. Plaintiffs have not suffered any losses and have sustained no damages proximately caused by their participation in the Plans or by any breach of fiduciary duty or prohibited transaction alleged in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiffs' claims against Defendant are barred in whole or in part by laches, equitable estoppel, waiver, unclean hands, ratification, disclosure, consent, or other related equitable doctrines.

**RESERVATION OF RIGHTS**

Defendants reserve the right to assert such other additional defenses as may be appropriate at a later time.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint and Plaintiffs' claims, enter judgment in favor of the Defendants and against Plaintiffs, award Defendants the reasonable attorneys' fees, costs, and expenses they have incurred in the defense of this action, and grant Defendants any additional relief that is fair and appropriate.

Dated:   January 29, 2016
         New York, New York

                                          /s/ Lori A. Martin
                                          Lori A. Martin
                                          Debo P. Adegbile
                                          Brad E. Konstandt
                                          Wilmer Cutler Pickering Hale and Dorr LLP
                                          7 World Trade Center
                                          250 Greenwich Street
                                          New York, NY 10007
                                          (212) 230-8800
                                          Lori.Martin@wilmerhale.com
                                          Debo.Adegbile@wilmerhale.com
                                          Brad.Konstandt@wilmerhale.com

                                          *Attorneys for Defendants*