# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CYNTHIA RICHARDS-DONALD and
MICHELLE DEPRIMA, individually and on
behalf of a class of all other persons similarly
situated, and on behalf of the Teachers
Insurance and Annuity Association of America
Code Section 401(k) Plan and the Teachers
Insurance and Annuity Association of America
Retirement Plan,

        Plaintiffs,

   v.

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA and TIAA
PLAN INVESTMENT REVIEW
COMMITTEE,

        Defendants.

Civ. A. No. 15-cv-08040 (PKC)

## STIPULATION OF SETTLEMENT AND RELEASE OF CLAIMS

This Stipulation of Settlement and Release of Claims (the "Settlement Agreement") is made and entered into the 8th day of May, 2017, by and between (i) plaintiffs Cynthia Richards-Donald and Michelle DePrima, individually and on behalf of the Class, and (ii) defendants Teachers Insurance and Annuity Association of America ("TIAA"), the TIAA Plan Investment Review Committee (the "Committee"), Otha "Skip" Spriggs, Dermot O'Brien, Pamela Atkins, Sue Collins, William Riegel, Josh Shamansky, Robert Weinman, Jayesh Bhansali, David Dunne, Phil Goff, Edward Moslander, Phillip Rollock, Elizabeth Gibson, Harry Klaristenfeld, Angela Kyle, and Martin Snow (together, "Defendants"), in connection with claims asserted in *Richards-Donald, et al. v. Teachers Insurance and Annuity Association of America, et al.*, Case No. 15-cv-08040 (PKC) (S.D.N.Y.) (the "Action").

### RECITALS

WHEREAS, on October 13, 2015, Plaintiffs filed the Action on their own behalf and on behalf of the Class, asserting claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), against TIAA, the Committee, Otha "Skip" Spriggs and unknown Committee members and TIAA Executive Vice Presidents in charge of Human Resources named as Jane and John Does 1-25, relating to the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and the Teachers Insurance and Annuity Association of America Retirement Plan (together, the "Plans"); and

WHEREAS, Plaintiffs have alleged, among other things, that Defendants breached their fiduciary duties and engaged in self-dealing and prohibited transactions under ERISA by selecting for the Plans (i) investment options managed by TIAA or an affiliated entity, and (ii) TIAA to provide recordkeeping services for the Plans; and

WHEREAS, on January 29, 2016, TIAA, the Committee and Mr. Spriggs answered the Complaint, denying all allegations that they breached their duties to Plaintiffs or any other participant in the Plans or engaged in any prohibited transactions; and

WHEREAS, on April 6, 2016, Plaintiffs filed an Amended Complaint (the "First Amended Complaint"), asserting the same legal claims but adding as defendants Dermot O'Brien, Pamela Atkins, Sue Collins, William Riegel, Josh Shamansky, Robert Weinman, Jayesh Bhansali, David Dunne, Phil Goff, Edward Moslander, Phillip Rollock, Elizabeth Gibson, Harry Klaristenfeld, Angela Kyle, and Martin Snow (persons previously named as Jane and John Does 1–25); and

WHEREAS, on May 2, 2016, the Defendants answered the First Amended Complaint, denying all allegations that they breached their duties to Plaintiffs or any other participant in the Plans or engaged in any prohibited transactions; and

WHEREAS, the parties commenced discovery, including, *inter alia*, the exchange of initial disclosures and the production by Defendants of priority documents designated by Plaintiffs; and

WHEREAS, on October 21, 2016, the Plaintiffs voluntarily dismissed without prejudice defendants Otha "Skip" Spriggs, Dermot O'Brien, Pamela Atkins, Sue Collins, William Riegel, Josh Shamansky, Robert Weinman, Jayesh Bhansali, David Dunne, Phil Goff, Edward Moslander, Phillip Rollock, Elizabeth Gibson, Harry Klaristenfeld, Angela Kyle and Martin Snow; and

WHEREAS, the parties participated in mediation before the Honorable Daniel Weinstein (Ret.), ultimately agreeing to the material terms set forth in this Settlement Agreement to resolve their dispute; and

2

WHEREAS, the Defendants deny the material allegations in the Action and deny any liability whatsoever; believe that they acted at all times reasonably, prudently, and loyally in compliance with ERISA; have asserted defenses and would assert certain other defenses if this Settlement Agreement is not consummated; believe they have meritorious defenses to the claims alleged; and are entering into the Settlement Agreement solely to avoid the cost, disruption, and uncertainty of litigation.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein, the receipt and sufficiency of which is hereby acknowledged, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to Plaintiffs, the Settlement Class, the Plans, and Defendants, subject to the approval of the Court, on the following terms and conditions:

## I.    DEFINITIONS

The following terms, as used in this Settlement Agreement, have the following meanings:

1.    "Action" means the lawsuit captioned *Richards-Donald, et al. v. Teachers Insurance and Annuity Association of America, et al.,* and filed in the United States District Court for the Southern District of New York as Case No. 15-cv-08040 (PKC).

2.    "Administrative Expenses" means all expenses incurred by the Settlement Administrator for (i) notice to the Class, including preparation and mailing of the Class Settlement Notice and internet publication of the Class Settlement Notice; (ii) preparation and mailing of the CAFA Notice under 28 U.S.C. § 1715; (iii) preparation of status reports to the Released Settling Parties and the Court; (iv) processing and distribution to the Settlement Class of the Settlement Payment; (v) providing a toll-free number for inquiries about the Settlement Agreement or the Settlement and responding to any such inquiries; (vi) all fees and expenses of

3

the Independent Fiduciary and Escrow Agent; and (vii) such other tasks as approved by Class and Defendants' Counsel.

3. "Attorneys' Fees and Costs" means the amount awarded by the Court to Class Counsel that shall be paid from the Qualified Settlement Fund and which shall represent the exclusive compensation or reimbursement recoverable by Class Counsel in connection with the Action.

4. "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

5. "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of CAFA to be served upon the appropriate State official of each State and the Attorney General of the United States, or the appropriate federal official, as set forth below in Section VII and in substantially the form attached hereto as Exhibit A.

6. "Class" refers to the following class of persons:

All participants in the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and/or Teachers Insurance and Annuity Association of America Retirement Plan from October 14, 2009 to April 30, 2017. Excluded from the Class are Defendants and current and former members of the Plan Investment Review Committee, including their beneficiaries.

7. "Class Counsel" refers to the law firm Bailey & Glasser LLP.

8. "Class Member" means an individual who is a member of the Class.

9. "Class Period" means the period October 14, 2009 through and including April 30, 2017.

10. "Class Representatives" or "Named Plaintiffs" means Cynthia Richards-Donald and Michelle DePrima.

11. "Class Settlement Notice" means the Notice of Proposed Class Action Settlement and Fairness Hearing to be mailed by first class mail to Class Members by the Settlement Administrator following the Court's issuance of the Preliminary Approval Order, in substantially

4

the form attached as Exhibit 1 to the Preliminary Approval Order, and attached hereto as Exhibit B.

12.   "Court" means the United States District Court for the Southern District of New York.

13.   "Days" means calendar days.

14.   "Defendants" means Teachers Insurance and Annuity Association of America, the TIAA Plan Investment Review Committee, Otha "Skip" Spriggs, Dermot O'Brien, Pamela Atkins, Sue Collins, William Riegel, Josh Shamansky, Robert Weinman, Jayesh Bhansali, David Dunne, Phil Goff, Edward Moslander, Phillip Rollock, Elizabeth Gibson, Harry Klaristenfeld, Angela Kyle, and Martin Snow.  By including the TIAA Plan Investment Review Committee in this definition, Defendants do not agree that the Committee is a juridical entity subject to suit under ERISA or any other law.

15.   "Defendants' Counsel" means Lori A. Martin of the law firm WilmerHale LLP.

16.   "Effective Date of Settlement" means the first date on which the Final Order and Judgment is in effect and has become final.

17.   "Fairness Hearing" means the hearing scheduled by the Court to consider (i) any objections from Class Members to the Settlement Agreement, (ii) Class Counsel's petition for Attorneys' Fees and Costs and the Class Representatives' Service Award, and (iii) whether to finally approve the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure.

18.   "Final" means, with respect to any judicial ruling or order, that the period of time for any appeals, petitions, motion for reconsideration, rehearing or *certiorari* or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full

5

and final disposition of any such Review Proceeding without a reversal or modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand.

19.    "Final Approval" means the Court's final approval of the Settlement Agreement.

20.    "Final Order and Judgment" or "Final Order" means the proposed Order Granting Final Approval to the Class Action Settlement and Final Judgment.  The proposed Final Order and Judgment that the Plaintiffs will submit to the Court for consideration is attached hereto as Exhibit D.

21.    "Independent Fiduciary" means Evercore Trust Company, or another entity mutually agreed upon by the parties for such purpose.

22.    "Individual Settlement Claim" means the amounts of the Settlement Payment allocated to each Class Member as determined by Class Counsel.

23.    "Plaintiffs" mean Cynthia Richards-Donald and Michelle DePrima, the plaintiffs in this Action.

24.    "Plans" means the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and the Teachers Insurance and Annuity Association of America Retirement Plan.

25.    "Preliminary Approval Order" means the order proposed by the Released Settling Parties and approved by the Court in connection with the Motion for Preliminary Approval of Proposed Class Action Settlement to be filed by Plaintiffs through their counsel, in substantially the form attached hereto as Exhibit C.

26.    "Qualified Settlement Fund" means the interest-bearing escrow account within the meaning of Treasury Regulation § 1.468b-1, established by Class Counsel, into which Defendants shall deposit the Settlement Amount pursuant to Paragraph 47 of this Agreement.

27.    "Released Claims" means all claims, liabilities, demands, causes of action, or lawsuits, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities known or unknown (including Unknown Claims), and whether anticipated or unanticipated, of whatever kind or nature, character and description – whether legal, statutory, equitable, or of any other type or form, whether under state or federal law, and whether brought in a representative or any other capacity – that (1) were or could have been asserted arising from or in connection with the claims and allegations in the Action, or (2) relate to the selection, oversight, retention, fees, or performance of the Plans' investment options and TIAA-affiliated service providers.  The Released Claims also includes Defendants' release of any such claims, debts, demands, rights or causes of action or liabilities whatsoever against Plaintiffs individually or their predecessors, successors, agents, advisors, insurers or attorneys, which arise from the institution, prosecution, defense, or settlement of this litigation.  The Released Claims include all claims meeting this description under all applicable statutes, regulations, jurisprudence, or common law.  Released Claims specifically exclude claims of denial of benefits or labor or employment claims, including but not limited to employment discrimination or wrongful termination.  Released Claims also exclude claims brought against the Independent Fiduciary alone.

28.    "Released Settling Parties" means (a) the Plaintiffs, on their own behalf, and on behalf of the Class and all Class Members, including each of their respective beneficiaries, predecessors, successors, fiduciaries, attorneys, partners, heirs, executors, administrators, representatives, agents, and assigns, and the Plans; and (b) Defendants TIAA, Otha "Skip" Spriggs, Dermot O'Brien, Pamela Atkins, Sue Collins, William Riegel, Josh Shamansky, Robert Weinman, Jayesh Bhansali, David Dunne, Phil Goff, Edward Moslander, Phillip Rollock,

7

Elizabeth Gibson, Harry Klaristenfeld, Angela Kyle, Martin Snow, the Committee, and any of their current, former or future parents, subsidiaries, affiliates, investment funds, predecessors, successors, joint venturers, and any of their respective past, present, or future officers, directors, trustees, partners, members, managing directors, principals, employees, agents, shareholders, advisors, insurers, reinsurers, attorneys, accountants, associates and/or any other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants and the current, former and future legal representatives, heirs, successors in interest or assigns of the Defendants.

29.  "Service Award" means an amount to be approved by the Court and paid to the Class Representatives from the Qualified Settlement Fund as reasonable compensation for and acknowledgment of the service provided to the Class by the Class Representatives in prosecuting this case on behalf of the Class.

30.  "Settlement" means the resolution of the Action pursuant to the terms and conditions of this Settlement Agreement.

31.  "Settlement Administrator" means a qualified firm selected by Class Counsel, and subject to Defendants' approval, with procedures and systems reasonably designed to protect the data privacy of the Class, and subject to supervision by Class Counsel and Defendants.

32.  "Settlement Agreement" or "Agreement" means this Stipulation of Settlement and Release of Claims, and exhibits attached hereto.

33.  "Settlement Amount" means the sum of five million dollars ($5,000,000), contributed to the Qualified Settlement Fund pursuant to Section III.  The Settlement Amount shall be the exclusive, full, and sole monetary payment to or on behalf of the Settlement Class,

8

made by or on behalf of Defendants in connection with the Settlement effectuated through this Agreement.

34.    "Settlement Class" means all Class Members included in the Class preliminarily approved by the Court.

35.    "Settlement Payment" means the portion of the Settlement Amount that is made available for distribution to members of the Settlement Class pursuant to Paragraphs 49–57.  The Settlement Payment shall consist of the Qualified Settlement Fund, any earnings of the Qualified Settlement Fund, net of Attorneys' Fees and Costs, Administrative Expenses, any tax obligations, and the Service Award.

36.    "Unknown Claims" means any Released Claims that Plaintiffs or Class Members neither know nor suspect exist at the time of the Settlement Agreement which, if known to them, might have affected the Settlement and Release of Claims by the Released Settling Parties.

## II.    RELEASE AND COVENANT NOT TO SUE

37.    By executing this Settlement Agreement, the Released Settling Parties acknowledge that, upon entry of the Final Approved Order and Judgment by the Court, the Action shall be dismissed with prejudice, an order of dismissal with prejudice shall be entered, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released by the Released Settling Parties.  The Final Order and Judgment shall provide for and effect the full and final release, by Defendants, Plaintiffs, the Plans, and all Class Members, of all Released Claims.

38.    Effective upon the date of the Final Approval, Defendants, Plaintiffs and the other Released Settling Parties shall be deemed to have, and by the operation of the Final Order, shall have fully, finally, and forever released, relinquished, and discharged all Released Claims.

9

39.     Plaintiffs, on their own behalf, and on behalf of the Class and all members of the Settlement Class, including each of their respective named fiduciaries and beneficiaries, and the Plans (by and through the Independent Fiduciary pursuant to Paragraphs 80-81), hereby release all claims, debts, demands, duties, rights, remedies or causes of action or liabilities whatsoever, known or unknown, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, against Defendants and any of their current, former or future parents, subsidiaries, affiliates, investment funds, predecessors, successors or joint venturers, and any of their respective past, present, or future officers, directors, trustees, partners, members, managing directors, principals, employees, agents, shareholders, advisors, insurers, reinsurers, attorneys, accountants, associates and/or any other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants and the current, former and future legal representatives, heirs, successors in interest or assigns of the Defendants, that (1) were or could have been asserted arising from or in connection with the claims and allegations in the Action, or (2) relate to the selection, oversight, retention, fees, or performance of the Plans' investment options, or (3) relate to the selection, oversight, retention, fees, or performance of the TIAA-affiliated service providers.    Plaintiffs acknowledge for themselves and on behalf of the Settlement Class that the claims being released pursuant to Paragraph 39 may include claims, rights, causes of action, or suits that are not known or suspected to exist.    These claims are nonetheless being released.    Released Claims specifically exclude claims of denial of benefits or labor or employment claims, including but not limited to employment discrimination or wrongful

termination.  Released Claims also exclude claims brought against the Independent Fiduciary alone.

40.     The Defendants hereby release all claims, debts, demands, rights or causes of action or liabilities whatsoever, known or unknown, whether based on federal, state, local, statutory, or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, against the Named Plaintiffs individually and their predecessors, successors, agents, advisors, insurers or attorneys, which arise from the institution, prosecution, defense, or settlement of this litigation. The Defendants acknowledge that the claims being released herein may include claims, rights, causes of action, or suits that are not known or suspected to exist.  These claims are nonetheless being released.

41.     The Released Settling Parties intend and agree that the releases granted herein shall be effective as a bar to any and all currently unsuspected, unknown or partially known claims within the scope of their express terms and provisions.   Accordingly, Plaintiffs, the members of the Settlement Class, the Plans, and Defendants hereby expressly waive any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction.  Section 1542 reads in pertinent part: "A general release does not extend to claims that the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."  The Released Settling Parties hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was

11

separately bargained for and that Defendants would not enter into this Settlement Agreement unless it included a broad release of Unknown Claims. The Released Settling Parties each expressly agree that all release provisions in this Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, and future claims, demands, and causes of action. Defendants assume for themselves, and Plaintiffs assume for themselves, and on behalf of the members of the Settlement Class, the risk of their subsequent discovery or understanding of any matter, fact, or law that if known or understood, would in any respect have affected their entering into this Settlement Agreement.

42.     Defendants, Plaintiffs and Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those which they now know or believe to exist with respect to the Released Claims, but that it is their intention to and they do hereby fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, that they have or may have against the Released Settling Parties. In furtherance of such intention and release, the release herein given by Defendants, Plaintiffs and Class Members to the Released Settling Parties shall be and remain in effect as a full and complete general release of all claims, notwithstanding the discovery or existence of any such additional different claims or facts.

43.     Plaintiffs and the Class Members covenant and agree: (i) not to assist in, organize, commence, or assert, as Class Members or otherwise, against any Released Settling Party, any action or claim based on, involving, incorporating, or arising, directly or indirectly, from any Released Claim or any allegation or claim, that compliance with the provisions of this Settlement Agreement violates any law, obligation, or duty; and (ii) that the foregoing covenants

12

and agreements shall be a complete defense to any such claims against any of the respective Released Settling Parties.

44.     The Class Members further covenant and agree not to sue Defendants regarding any changes in the operation of the Plans under Section IV of this Settlement Agreement (the Non-Monetary Considerations for Settlement), including (a) the addition of investment funds, (b) the removal of any investment funds, (c) the mapping of fund assets, or (d) the implementation of non-monetary relief.  This covenant not to sue expires at the end of the calendar year occurring six years after the judgment in this case becomes final.

45.     The releases and covenants set forth in Paragraphs 37 through 45 are not intended to include the release of any rights or duties arising out of this Settlement Agreement, including the express warranties and covenants in this Settlement Agreement.

III.     SETTLEMENT AMOUNT AND THE QUALIFIED SETTLEMENT FUND

46.     Class Counsel shall establish a Qualified Settlement Fund as soon as practicable, but no later than seven days after the Court preliminarily approves the Proposed Class Action Settlement, to accommodate Defendants' deposit of the Settlement Amount into the Qualified Settlement Fund.

47.     Within thirty (30) days after the later of (i) the preliminary approval by the Court of the Settlement, or (ii) the date on which Defendants' counsel receives wire instructions for the Qualified Settlement Fund and the taxpayer identification number and IRS Form W-9 for the recipient of the funds, the Defendants shall deposit the full Settlement Amount into the Qualified Settlement Fund.  Class Counsel shall administer the account.

48.     Class Counsel and the Settlement Administrator shall not disburse the Qualified Settlement Fund or any portion thereof except as provided in this Settlement Agreement, in an

13

order of the Court, or a subsequent written stipulation between Class Counsel and Defendants'
Counsel.

49.     **Allocation of the Settlement Payment.**     The method of allocation of the
Settlement Payment among Plaintiffs and other members of the Class shall be subject to approval
by the Court.  The method of allocation is neither part of this Agreement nor a necessary term or
condition of the Agreement or Settlement.  For this reason, the approval of, or any change in, any
plan or method of allocation ordered by the Court shall be deemed severable from and will not
affect the validity or finality of this Settlement Agreement.  Defendants agree to provide the
Settlement Administrator such data as are reasonably necessary to implement the method of
allocation.  Except as to the duty to cooperate with such requests, the Defendants shall have no
responsibility for and no obligations or liabilities of any kind whatsoever in connection with the
plan of allocation or the determination of or administration and calculations under that plan.

50.     No Class Member shall have any claim against the Defendants based on, or in any
way relating to, the administration of, or distributions from, the Qualified Settlement Fund or the
Settlement Payment.

51.     Class Counsel intend to seek approval of the allocation plan attached to this
Agreement as Exhibit E.  The Settlement Administrator, under the direction of Class Counsel
and the Court, shall calculate distributions of the Settlement Payment due to each member of the
Settlement Class and shall provide this information to Defendants within sixty (60) days after the
Court enters a Final Approval Order.  No Class Member shall be entitled to any payment or
distribution under this Agreement if his or her share of the Settlement Payment is less than ten
dollars ($10.00).

14

52.     The amount of the Qualified Settlement Fund to be allocated and distributed to Class Members (Settlement Payment) will be net of (i) Attorneys' Fees and Costs approved by the Court and awarded to Class Counsel, (ii) any Service Award approved by the Court, and (iii) any tax obligations and Administrative Expenses incurred in the implementation of the Settlement.

53.     This is not a claims-made settlement.  If the Settlement is approved by the Court, neither the Defendants nor any person or entity paying settlement consideration on behalf of the Defendants shall have the right to recover any of the consideration paid.

54.     **Distribution of the Settlement Payment.**  The Settlement Administrator shall distribute each Class Member's share of the Settlement Payment (Individual Settlement Claim) to the authorized representative of the Class Member within 30 calendar days of (i) the receipt of the Settlement Amount, or (ii) the final determination of the proper allocation of the Settlement Fund for that Class Member, whichever last occurs.  Distributions to all Class Members shall be provided for by the Settlement Administrator issuing and mailing a disbursement check.

55.     The Settlement Administrator shall provide to Class Counsel and Defendants' Counsel (a) the name of each member of the Settlement Class to whom the Settlement Administrator sent a settlement payment and the amount of each payment, and (b) the name of each member of the Settlement Class whose settlement payment was returned as undeliverable, the amount of each undelivered payment, and the efforts made by the Settlement Administrator to identify the correct address for the member of the Settlement Class.

56.     The Settlement Administrator shall deposit any unused funds associated with any settlement payment check that remains undeliverable or is not cashed within the 180-day period into a *cy pres* account.  The *cy pres* recipient(s) shall be jointly selected by Defendants' Counsel

15

and Class Counsel, and subject to approval of the Court. The parties shall make reasonable efforts to distribute the *cy pres* account upon the completion of distribution of funds to members of the Settlement Class.

57.     Any tax reports for the Qualified Settlement Fund or Class Members shall be filed by the Settlement Administrator, under the direction of Class Counsel. Any taxes owed on the Qualified Settlement Fund shall be paid from the Qualified Settlement Fund by the Settlement Administrator, under the direction of Class Counsel. Defendants shall have no responsibility for any taxes due on funds once deposited in the Qualified Settlement Fund, or after payment of Attorneys' Fees and Costs, or the Service Award, if approved by the Court. Nothing herein shall constitute an admission or representation that any taxes will or will not be due on the Qualified Settlement Fund, Attorneys' Fees and Costs, or the Service Award.

## IV.     NON-MONETARY CONSIDERATIONS FOR SETTLEMENT

58.     In addition to the Settlement Amount, and in further consideration for the release of the Released Claims, the Defendants agree to undertake certain therapeutic measures relating to the Plans and their participants and beneficiaries (set forth in Paragraphs 59-64 herein), to the extent not inconsistent with ERISA.

59.     TIAA agrees to add at least ten (10) non-proprietary investment options to the Plans, of which five (5) of the non-proprietary investment options will have investment management fees of 15 basis points or less. A complete list of proposed changes to the Plans is attached as Exhibit F to this Agreement. TIAA agrees to request the least-expensive share class available to the Plans for these non-proprietary investment options. In the event that the fund family for any non-proprietary fund pays revenue sharing, TIAA agrees to credit the revenue sharing payments to the participants in the Plans whose accounts are invested in the non-

proprietary funds on a proportional basis.  On a one-time basis, TIAA agrees to provide Plaintiffs with (a) the list of the proprietary funds that the Committee intends to remove from the Plans, the approximate Plan balances in those funds, and the funds into which those assets will be mapped in the absence of a participant decision to transfer to a different fund; (b) the list of the 10 non-proprietary funds that the Committee intends to add to the Plans' investment menu; and (c) information regarding the total expense ratio for each of the proposed investment options, for the sole purpose of confirming that the amendments to the Plans' offering present the opportunity for a reduction in investment expenses to the Class.  TIAA retains sole discretion to modify future investment offerings for the Plans at any time and without notice to or consent from Class Counsel, provided that during the 36 months immediately following entry of the Final Approval Order, to the extent not inconsistent with ERISA, the Plans continue to offer at least 10 non-proprietary investment options, at least five of which shall have investment management fees of 15 basis points or less.

60.     TIAA agrees to offer a brokerage window to permit participants in the Plans to invest in a broader range of mutual funds, including non-proprietary funds.

61.     Committee members currently receive no bonuses or other compensation as a result of Plan investments in TIAA proprietary investment options.  TIAA agrees that it will not modify this practice in the future in order to provide for the payment of bonuses, compensation, or awards to Committee members for Plan investments in TIAA proprietary investment options.

62.     TIAA agrees to retain an independent consultant to the Committee to advise the Committee on the performance of investment options in the Plans and their investment costs relative to the appropriate peer group.  The Committee will request the independent consultant to

provide assessments on new investment options in the Plans, including the non-proprietary investment options discussed in Paragraph 59, above.

63.    TIAA agrees to retain an independent consultant on a one-time basis to review the Plans' recordkeeping fees for potential cost efficiencies in light of the types and quality of services that TIAA provides.  The report will be provided to TIAA on a confidential basis and TIAA shall provide a declaration to Judge Weinstein that (i) identifies the consultant that TIAA retained to conduct the review described in this paragraph, and the scope of the assignment; (ii) states that the review has been completed; (iii) states that TIAA has considered its recommendations; and (iv) states whether TIAA is planning to make any changes to its recordkeeping systems as a result of information identified by the consultant.  Upon completion of this undertaking, Judge Weinstein shall provide Class Counsel with a letter stating that TIAA has performed its obligations under this provision.  TIAA agrees to pay all of Judge Weinstein's fees and expenses in connection with implementing the Settlement from the date the Settlement becomes final.

64.    TIAA agrees to review and enhance its investor education program for Plan participants with respect to Plan investment options and the fees associated with those options. In the context of investor education enhancements, TIAA agrees to implement an investor education program based upon its reasonable judgment of what is in the best interest of Plan participants and in accordance with the terms of the Plans.  TIAA retains sole discretion to modify the investor education content for its workforce at any time and without notice to or consent from Class Counsel.

V.    ADMINISTRATIVE COSTS AND EXPENSES

65.    All Administrative Expenses of the Settlement Administrator shall be paid from the Qualified Settlement Fund.   The actual charges, costs and expenses incurred by the Settlement Administrator, Class Counsel or other persons employed to implement the Settlement, including the cost of preparing and delivering the Class Settlement Notice and allocating and distributing the Settlement Payment, shall be paid solely from the Qualified Settlement Fund.  The Settlement Administrator will report to Class Counsel and Defendants' Counsel the substance of the work performed and all amounts paid in the implementation of the Settlement.

66.    Defendants shall not be responsible for any cost that may be incurred by, on behalf of, or at the direction of Plaintiffs, Plaintiffs' Counsel, Class Members, Class Counsel, or the Settlement Administrator in (i) responding to inquiries about the Agreement, the Settlement, or the Action; (ii) defending the Agreement or the Settlement against any challenge to it; or (iii) defending against any challenge to any order or judgment entered pursuant to the Settlement Agreement, unless otherwise expressly and specifically agreed to by the Released Settling Parties.

VI.   ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

67.    The Parties each agree to bear their own attorneys' fees and costs incurred in connection with the Action, except that nothing herein shall prevent Plaintiffs or their counsel from applying to the Court for an award of attorneys' fees, costs, and/or expenses to be paid from the Qualified Settlement Fund.  Defendants agree to take no position with the Court on any request for attorney's fees, costs or expenses by Plaintiffs or their counsel (Class Counsel) that does not exceed $1,666,667.00 (One Million Six Hundred Sixty-Six Thousand Six Hundred

Sixty-Seven Dollars).  Defendants further agree to take no position with the Court on any request for the payment of a Service Award that does not exceed $5,000.00 (Five Thousand Dollars) to each Class Representative.

68.    The procedure for, and the allowance or disallowance by the Court, of any application by Plaintiffs or their counsel for the payment of attorneys' fees, costs, or expenses, and any order or proceeding relating thereto, are not terms of nor a condition of this Settlement Agreement and the Settlement Agreement shall be valid and final regardless of the amount approved by the Court.  For this reason, the allowance, disallowance, or any other Court order with respect to attorneys' fees, costs, or expenses (and any appeal from, or any other form of review of, any order with respect to attorneys' fees, costs, or expenses) shall not operate to terminate or cancel this Agreement or affect its finality, and shall have no effect on the terms of this Settlement Agreement or on the enforceability of this Settlement Agreement (including, without limitation, the releases contained therein).  Plaintiffs and their counsel shall look solely to the Qualified Settlement Fund for payment of their fees, costs and expenses, and the payment of any taxes due or owing on the Qualified Settlement Fund.

69.    The amount of Plaintiffs' attorneys' fees, costs and expenses awarded by the Court shall be paid by the Settlement Administrator from the Qualified Settlement Fund within 10 calendar days after entry of an Order of the Court approving, in whole or part, Class Counsel's request for an award of fees and costs.  Defendants will issue a Form 1099 to Class Counsel for the payments and Class Counsel will provide Defendants with completed W-9 forms.

VII.   **CLASS SETTLEMENT NOTICE**

70.   **Preliminary Approval of Settlement (Preliminary Approval Order).**   On or before May 10, 2017, Plaintiffs will file a motion with the Court for preliminary approval of the proposed class action settlement and for entry of an order in the form annexed hereto as Exhibit C (the "Preliminary Approval Order") and all related ancillary documents, such as the Class Settlement Notice and Plan of Allocation, collectively, the "Preliminary Motion." The Class Settlement Notice, subject to approval of the Court, shall be in substantially the form attached hereto as Exhibit B. Defendants shall file their response, if any, to the Preliminary Motion ten (10) days after Plaintiffs file their Preliminary Motion.

71.   **Class Settlement Notice.**   Subject to the requirements of the Preliminary Approval Order, the Settlement Administrator shall cause the Class Settlement Notice to be mailed and published on the internet in accordance with Section VII of this Settlement Agreement.

72.   Within twenty (20) days after the date the Court enters a Preliminary Approval Order, the Defendants will provide the Settlement Administrator with a list of each of the individual Class Members, by name, social security number, and status as a current or former Plan participant, with the last known mailing address, and the name of the appropriate contact person for receiving formal notifications at that address. The Defendants will reasonably cooperate with the Settlement Administrator and Class Counsel in identifying Class Members and their contact information.

73.   Class Member information shall be used exclusively and solely for purposes of providing notice and administering and distributing the Settlement Payment and shall be subject to the terms of the Protective Order in this Action (the "Protective Order"). Class Counsel shall

provide the Protective Order to the Settlement Administrator and the terms of the Settlement Administrator's engagement shall include a representation and agreement that the Settlement Administrator shall abide by the terms of the Protective Order and that the information provided to the Settlement Administrator shall be kept confidential and used exclusively and solely for purposes of administering and distributing the Settlement Amount.

74.     **Notification required by 28 U.S.C. § 1715(b) (CAFA Notice).**  Within ten (10) days after the filing of the Motion for Preliminary Approval of Proposed Class Action Settlement, the Settlement Administrator will cause to be served upon the appropriate State official of each State and the Attorney General of the United States, or the appropriate federal official, the CAFA Notice in substantially the form attached hereto as Exhibit A.  The Settlement Administrator shall promptly notify Class Counsel and Defendants' Counsel upon service of the CAFA Notice.

75.     As soon as practicable, and within the deadlines established in the Court's Preliminary Approval Order, the Settlement Administrator shall send or cause to be sent, by first-class United States mail, to every Class Member a copy of the Class Settlement Notice.  Before the mailing of the Class Settlement Notice, the Settlement Administrator will obtain or cause to be obtained address updates utilizing a National Change of Address database.  In mailing such Class Settlement Notice, the Settlement Administrator will use any updated addresses thus obtained.

76.     As soon as practicable, but no later than thirty (30) days after the Court's entry of the Preliminary Approval Order, the Settlement Administrator or Class Counsel shall cause the Class Settlement Notice to be published on the internet website described in Paragraphs 71 and 78.

77.     The Released Settling Parties agree that the Class Settlement Notice attached hereto as Exhibit B provides to the Class Members sufficient information to inform Class Members of the essential terms of this Settlement Agreement, appropriate means for obtaining additional information regarding the Settlement Agreement and the Action, and appropriate information about the procedure for objecting to the Settlement, if they should wish to do so. The Class Settlement Notice shall also inform Class Members of the Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Approval Order and the Class Settlement Notice may be heard regarding the terms of the Settlement Agreement.  The Settlement Notice shall also inform Class Members that changes to the Fairness Hearing, Plan of Allocation, or any other aspect of the settlement will be made on the Settlement Website and not through a subsequent mailing.

78.     To facilitate the efficient administration of this Settlement Agreement, and to promote compensation to members of the Settlement Class pursuant to the Settlement Agreement, Class Counsel will utilize an internet website to enable Class Members to read the Class Settlement Notice, the Settlement Agreement, and such other information and materials as agreed to by Plaintiffs and Defendants.  The internet website shall be used exclusively for the purpose of disseminating the information specified herein, or such other materials as mutually agreed to by the Plaintiffs and Defendants.

79.     The Released Settling Parties agree that the dissemination of the Class Settlement Notice by mail, and the additional notice by internet website publication of the Class Settlement Notice in the manner specified above, satisfies the notice requirements of Due Process and Rule 23 of the Federal Rules of Civil Procedure.  The Released Settling Parties agree to jointly request

that the Court approve, in the Preliminary Approval Order, the direct mailing and internet website publication of the Class Settlement Notice.

## VIII.   SETTLEMENT AUTHORIZED BY INDEPENDENT FIDUCIARY

80.   **Selection of Independent Fiduciary**: The Parties agree to select Evercore Trust Company as the Independent Fiduciary to provide the authorization required by Prohibited Transaction Exception 2003-39, 68 FR 75632 (Dec. 31, 2003), as amended 75 FR 33830 (June 15, 2010), including, without limitation, the release of claims on behalf of the Plans. All costs reasonably borne by the Independent Fiduciary, including the reasonable fees of the Independent Fiduciary for its service, shall be borne by and paid from the Qualified Settlement Fund.

81.   At least thirty (30) days prior to the Fairness Hearing, the Independent Fiduciary shall have approved and authorized in writing the Settlement, and given a release in its capacity as fiduciary of the Plans for and on behalf of the Plans, on the terms set forth in Paragraph 80, in accordance with Prohibited Transaction Class Exemption 2003-39. If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to execute the release on behalf of the Plans, then TIAA shall have the option to waive this condition if so stipulated by the Parties. Such option is to be exercised in writing within the earlier of (i) ten (10) days after the Parties' receipt of the Independent Fiduciary's written determination, or (ii) three (3) days prior to the date set for the Fairness Hearing, unless otherwise agreed by the Parties. The Parties shall comply with reasonable requests made by the Independent Fiduciary.

## IX.   OBJECTIONS

82.   Class Members may object to the Settlement Agreement under procedures to be proposed by the parties and approved by the Court, as set forth in the Class Settlement Notice. Class Members who fail to timely file and serve written objections or notice of intention to

appear and object in the manner specified in the Class Settlement Notice will be deemed to have waived any objections and will be foreclosed from making any objections to the settlement, whether by appeal or otherwise.

## X.    OPT OUTS

83.    Plaintiffs intend to move to certify the Class under Rule 23(b)(1).  In the event this motion is denied but certification is granted under Rule 23(b)(3) and, subsequently greater than five percent (5%) of Class Members opt out, TIAA shall, in its sole discretion, have the option to terminate, without liability, this Agreement, by delivering notice of termination, which shall prevent final settlement approval, making this Agreement null and void.

## XI.    TERMINATION

84.    Automatic termination of this Settlement Agreement, thereby making it null and void, will occur if the Court declines to approve the terms of the Settlement Agreement, declines to approve the Final Order in any material respect, or if, under any review proceedings, the Court's order approving the terms of the Settlement Agreement is reversed.

85.    If the terms of the Settlement Agreement are not approved by the Court, or the Settlement Agreement is terminated: (a) the Settlement Agreement shall be without prejudice and none of its terms shall be effective or enforceable, except to the extent of costs of notice and administration that have been incurred; (b) the parties shall revert to the litigation positions that they held immediately prior to the execution of the Settlement Agreement; and (c) the fact and terms of the Settlement Agreement shall not be admissible in ongoing proceedings in this Action.

## XII.    FAIRNESS HEARING AND FINAL APPROVAL

86.    The Parties will jointly request that the Court set a final approval hearing, at which the Court will consider whether the terms of the Settlement Agreement are fair,

reasonable, and adequate (Fairness Hearing), on a date that is mutually agreeable to the parties and that allows sufficient time following the deadline for Class Members to object to the settlement and for the parties to submit a motion for final approval.

87.     No later than twenty-one (21) calendar days prior to the Fairness Hearing, Class Counsel and Defendants' Counsel will obtain from the Settlement Administrator and file with the Court a declaration of compliance with the provisions of the Settlement Agreement regarding distribution of the Notice of Settlement, including a statement of the number of Class Members to whom the Notice of Settlement was mailed and the number and names of the Class Members who timely objected to the terms of the Settlement Agreement.

88.     No later than fourteen (14) calendar days before the Fairness Hearing, Plaintiffs will file an unopposed motion for final approval of the Settlement and supporting papers, including the declaration of the Settlement Administrator and a proposed Final Approval Order. The proposed Final Approval Order will, among other things: (i) grant final approval to the Settlement Agreement as fair, reasonable, adequate, in good faith, and in the best interests of the Class as a whole; (ii) order the parties to carry out the provisions of this Settlement Agreement; (iii) adjudge that the Released Claims set forth in Section II of the Settlement Agreement is binding and valid as against Plaintiffs and the Class Members, including each of their respective beneficiaries and fiduciaries, and that the Defendants have released the Plaintiffs of all Released Claims; and (iv) reserve to the Court continuing jurisdiction over the Action for the purpose of enforcing this Settlement Agreement and addressing such post-final order matters as may be appropriate.  A copy of the proposed Final Approval Order is attached hereto as Exhibit D.

89.     **Cooperation in Effectuating Settlement and Obtaining Approval of this Settlement Agreement and Dismissal of Claims.**  The parties shall use their best efforts to

26

effectuate this Settlement Agreement, including cooperating to resolve questions concerning Settlement Class data, in the drafting of preliminary approval documents, and in securing the prompt, complete, and final dismissal with prejudice of the Action as to Defendants.   The Released Settling Parties covenant and agree that they will take all reasonable steps and reasonably cooperate with one another in obtaining the Final Approval Order as contemplated hereby at the Fairness Hearing and will not do anything inconsistent with obtaining that Final Approval Order.

90.     **Dismissal with Prejudice.**   Upon the entry of the Final Approval Order, the Action and all claims asserted therein shall be dismissed with prejudice as against the Defendants.

## XIII.   REPRESENTATIONS AND WARRANTIES

91.     The Released Settling Parties and each of them represent and warrant that they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among their counsel; that in executing this Settlement Agreement they are relying solely on their own judgment, knowledge, and belief, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any party or by any person representing any party to this Settlement Agreement.   Each of the Released Settling Parties assumes the risk of mistake as to facts or law.

92.     The Released Settling Parties and each of them represent and warrant that they have carefully read the contents of this Settlement Agreement, and that this Settlement Agreement is signed freely by each person executing this Settlement Agreement on behalf of each of the Released Settling Parties.  The Released Settling Parties and each of them further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to this Settlement Agreement, and all of the matters pertaining thereto, as he, she or it deems necessary.

93.     The Released Settling Parties and each of them represent and warrant that they have not relied on any statement, representation, omission, inducement, or promise of any other party (or any other officer, agent, employee, representative, or attorney for any other party) in executing this Settlement Agreement, except as expressly stated in this Agreement.

94.     The Released Settling Parties and each of them represent and warrant that this term of this Settlement Agreement, under the titles of the various paragraphs, is contractual and not merely a recital.

## XIV.   MISCELLANEOUS

95.     **Dispute Resolution.**     All disputes concerning the interpretation or implementation of this Settlement Agreement shall first be addressed by the parties' informal efforts to meet and confer prior to seeking relief from the Court.

96.     **No Assignment of Claims.**  Plaintiffs and the Settlement Class warrant that they have not assigned or transferred to any person any portion of any Released Claims that are released, waived, and discharged by this Settlement Agreement.

97.     **No Admission of Liability.**  The Released Settling Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this

Settlement Agreement, shall be deemed to constitute any finding of wrongdoing by any of the Defendants, or give rise to any wrongdoing or admission of wrongdoing or liability in this or any other past or future proceedings.  This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual.  The Defendants expressly deny any liability or wrongdoing with respect to the matters alleged in the Action.  Defendants believe and assert that they acted at all times reasonably, prudently, and loyally in compliance with ERISA and other laws.

98.     **Notice.**  Unless otherwise specifically provided herein or subsequently agreed by the parties in writing, all notices, demands, or other communications given hereunder will be in writing and will be deemed to have been duly given as of the fifth day after mailing, by first class mail, addressed as follows:

To Class Counsel for Plaintiffs

Gregory Y. Porter
Ryan T. Jenny
Mark G. Boyko
BAILEY & GLASSER LLP
1054 31st Street, NW
Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com
mboyko@baileyglasser.com

To Counsel for Defendants

Lori A. Martin
Debo Adegbile
Brad E. Konstandt
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007

Telephone: (212) 230-8800
Facsimile: (212) 230-8888
lori.martin@wilmerhale.com
debo.adegbile@wilmerhale.com
brad.konstandt@wilmerhale.com

99.     **Interpretation and Jurisdiction.**  The parties have each been represented by counsel, who have arrived at the Settlement Agreement through arm's-length negotiations, taking into account all relevant factors, present and potential, and who have cooperated in the preparation of this Settlement Agreement.  The Settlement Agreement will not be construed against any party based on the role of the party in preparing the Settlement Agreement.  This Settlement Agreement shall be interpreted in accordance with the laws of the State of New York, and the parties hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Settlement Agreement.  Subject to the Court's approval, the Court shall have continuing jurisdiction for those purposes, including the resolution of any dispute which may arise with regard to the terms and conditions of this Settlement Agreement that cannot be resolved by the informal dispute resolution process.

100.    **Modification.**  This Settlement Agreement, and any of its parts, may be amended, modified, or waived only by an express written instrument signed by all parties or their successors-in-interest.

101.    **Successors.**  This Settlement Agreement will be binding upon, and inure to the benefit of, the beneficiaries, successors, assigns, executors, administrators, heirs, fiduciaries, and legal representatives of the parties.

102.    **Entire Agreement and Incorporation of Exhibits.**  This Settlement Agreement, including all exhibits attached hereto, constitutes the entire agreement of the parties.  No oral representations, warranties, inducements, or writings have been made by any party concerning

this agreement other than those expressly stated herein.  The parties agree that the exhibits attached hereto are incorporated by reference and are a material part of this Settlement Agreement.  Any notice, order, proposed judgment, or other exhibit that requires approval of the Court must be approved without material alteration from its current form in order for this Settlement Agreement to become effective.

103.   **Finality.**  The parties intend the Settlement Agreement to be a final and complete resolution of all disputes asserted or which could be asserted by the Plaintiffs and Class Members against the Defendants with respect to the Released Claims.

104.   **Severability.**  The provisions of this Settlement Agreement are not severable, except as otherwise provided above, including but not limited to Paragraph 49 (Allocation of the Settlement Payment).

105.   **Counterparts.**  This Settlement Agreement may be executed to two or more counterparts, each of which shall be deemed an original and may be exchanged by facsimile, but all of which taken together shall constitute one and the same instrument.

106.   **Waiver.**  The waiver of one party of any breach of this Settlement Agreement by any other party shall not be deemed a waiver of any other breach of this Settlement Agreement. The provisions of this Settlement Agreement may not be waived except by a writing signed by the affected party, or counsel for that party.

107.   **Survival.**  All representations, warranties, and covenants set forth in this Agreement shall be deemed continuing and shall survive the Final Date of Settlement and the termination or expiration of this Settlement Agreement.

108.   **Agreement Execution Date.**  The date on which the final signature is affixed below shall be the Settlement Agreement execution date.

109.   **Authority of Counsel.**   Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval.

IN WITNESS WHEREOF, the following duly authorized representatives of the parties acknowledge and agree to the foregoing on the date(s) set forth below.

DATED: *May 8* , 2017

**BAILEY & GLASSER LLP**

By: _____
Gregory Y. Porter
Ryan T. Jenney
Mark Boyko
1054 31st Street, NW
Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
Email: gporter@baileyglasser.com
        rjenny@baileyglasser.com
        mboyko@baileyglasser.com

*Counsel for Plaintiffs and Class Counsel*

DATED: *May 8* , 2017

**WILMER CUTLER PICKERING HALE AND DORR LLP**

By: _____
Lori A. Martin
Debo Adegbile
Brad Konstandt
250 Greenwich Street
7 World Trade Center
New York, NY 10017
Telephone: (212) 295-6412
Facsimile: (212) 230-8888
Email: lori.martin@wilmerhale.com

32

debo.adegbile@wilmerhale.com
brad.konstandt@wilmerhale.com

*Counsel for Defendants Teachers Insurance and
Annuity Association of America, the TIAA Plan
Investment Review Committee, Otha "Skip"
Spriggs, Dermot O'Brien, Pamela Atkins, Sue
Collins, William Riegel, Josh Shamansky, Robert
Weinman, Jayesh Bhansali, David Dunne, Phil
Goff, Edward Moslander, Phillip Rollock, Elizabeth
Gibson, Harry Klaristenfeld, Angela Kyle, and
Martin Snow*

EXHIBIT A

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CYNTHIA RICHARDS-DONALD and MICHELLE DEPRIMA, individually and on behalf of a class of all other persons similarly situated, and on behalf of the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and the Teachers Insurance and Annuity Association of America Retirement Plan,<br><br>                Plaintiffs,<br><br>    v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA and TIAA PLAN INVESTMENT REVIEW COMMITTEE,<br><br>                Defendants. | **Civ. A. No. 15-cv-08040 (PKC)** |

**NOTICE OF FILING OF PROPOSED SETTLEMENT**
**OF CLASS ACTION PURSUANT TO 28 U.S.C. § 1715**

TO THE APPROPRIATE FEDERAL AND STATE OFFICIALS:

Pursuant to 28 U.S.C. § 1715, defendants Teachers Insurance and Annuity Association of America ("TIAA") and TIAA Plan Investment Review Committee (collectively, "Defendants") named in the above-captioned litigation, which asserts claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, hereby submit the following Notice of Filing of Proposed Settlement of Class Action Pursuant to 28 U.S.C. § 1715.

Pursuant to 28 U.S.C. § 1715(b), Defendants state the following:

(a) A copy of Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement (and related documents) and the proposed Order Granting Preliminarily Approval of

EXHIBIT A

Proposed Class Action Settlement (with attachments) is attached hereto in electronic format.

(b) A copy of the First Amended Complaint and a copy of the Defendants' Answer to the

First Amended Complaint are attached in electronic format.  A copy of Plaintiffs' original

Complaint and the Defendants' Answer to the original Complaint can be found in electronic

format at www.pacer.gov in the above-captioned litigation as ECF No. 15-cv-08040 (PKC)

(S.D.N.Y.).

(c) The Court has not yet scheduled a final approval hearing in this matter.

(d) The proposed notice to Class Members is attached to the proposed Order Granting

Preliminarily Approval of Proposed Class Action Settlement, attached hereto in electronic

format.

(e) The Stipulation of Settlement and Release of Claims is attached in electronic format.

(f) There are no other settlements or other agreements contemporaneously made between

Class Counsel and Defendants' Counsel other than the Stipulation of Settlement and Release of

Claims and related documents attached hereto in electronic format.  There currently is no final

judgment or notice of dismissal.

(g) A listing of the percentage by state of participants in the Teachers Insurance and

Annuity Association of America Code Section 401(k) Plan and the Teachers Insurance and

Annuity Association of America Retirement Plan (together, the "Plans") who will receive notice

of the Settlement pursuant to 28 U.S.C. § 1715(b)(7)(A), is not available at this time.  The

Settlement Administrator is compiling a list of those participants in the Plans who will receive

notice in order to determine percentages by state.  When those percentages are available, the

Settlement Administrator will supply them in a supplemental CAFA notice.


Dated: _____, 2017

2

EXHIBIT B

EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Cynthia Richards-Donald and Michelle DePrima, individually and on behalf of a class of all other persons similarly situated, and on behalf of the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and the Teachers Insurance and Annuity Association of America Retirement Plan, | ) ) ) ) ) ) ) | Civ. A. No. 15-cv-08040-PKC |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| Teachers Insurance and Annuity Association of America and TIAA Plan Investment Review Committee, | ) ) ) | |
| Defendants. | ) ) ) | |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

## PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS.

You are receiving this notice because the records maintained by Teachers Insurance and Annuity Association of America, which is a defendant in the above-captioned federal lawsuit, indicate that you are or have been a participant in either the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan or the Teachers Insurance and Annuity Association of America Retirement Plan (the "Plans"), at some time during the period October 14, 2009 through April 30, 2017. As such, your rights may be affected by a proposed class action settlement of this lawsuit (the "Settlement"). **Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed settlement are, what rights you have to object to the proposed settlement agreement if you disagree with its terms, and what deadlines apply to the right to object to the proposed settlement.**

### What this Lawsuit is About

A class action lawsuit was filed on October 13, 2015, and is being brought on behalf of participants in the Plans during the period October 14, 2009 to April 30, 2017 (the "Class"), as well as the Plans themselves. Cynthia Richards-Donald and Michelle DePrima (referred to as "Plaintiffs" or "Class Representatives") are the named plaintiffs and the representatives on behalf of all members of the Class in the lawsuit. Plaintiffs have sued Teachers Insurance and Annuity Association of America ("TIAA") and the TIAA Plan Investment Review Committee (the

"Committee"), in addition to individuals Otha "Skip" Spriggs, Dermot O'Brien, Pamela Atkins, Sue Collins, William Riegel, Josh Shamansky, Robert Weinman, Jayesh Bhansali, David Dunne, Phil Goff, Edward Moslander, Phillip Rollock, Elizabeth Gibson, Harry Klaristenfeld, Angela Kyle, and Martin Snow (together with TIAA and the Committee, "Defendants"). The individual defendants have been dismissed from the lawsuit without prejudice, but are part of the proposed Settlement and associated releases. The lawsuit involves claims that Defendants violated the federal Employee Retirement Income Security Act of 1974 ("ERISA") with respect to the selection and oversight of investment options in the Plans, the recordkeeping services provided to the Plans, and the fees associated with the Plans' investments and services. Defendants deny the allegations and claims, and believe that they acted in the best interests of Plan participants.

Plaintiffs claim that Defendants breached their fiduciary duties under ERISA when they (a) caused the Plans to offer exclusively proprietary investment options managed by TIAA or an affiliate, resulting in "total plan costs" higher than those of comparable plans; (b) selected an affiliate as recordkeeper of the Plans, which charged fees higher than those for other plans; (c) failed to prudently evaluate Plan investment options; and (d) engaged in prohibited transactions under ERISA by receiving excessive fees. The lawsuit seeks damages based upon the alleged payment by participants of excessive fees for the investments included in the Plans and the recordkeeping services provided to the Plans.

Defendants deny these allegations and instead argue (a) the investment options selected for the Plans were reasonable in that they included a variety of fixed and variable annuities that offer participants lifetime income opportunities; (b) the Plans offered an appropriate investment mix for participants, across different asset classes, risk profiles, fee structures, and outcome opportunities; (c) the fees charged by the investment options in the Plans, including the fixed and variable annuities, were reasonable and often lower than the fees charged by TIAA's competitors for similar products; (d) the investment options in the Plans provided participants with strong performance; and, (e) TIAA met the Prohibited Transaction Exemption requirements to offer its own products as investment options for the Plans.

In addition, Defendants argue that the Committee monitored the Plans' investment options for the benefit of TIAA's current and former employees, and that the recordkeeping fees charged to Plan participants were reasonable based on the nature and quality of the services provided by TIAA. Defendants also deny engaging in any prohibited transactions under ERISA.

### The Terms of the Settlement

To avoid the time, cost and distraction of a lawsuit, Plaintiffs and Defendants have agreed to a settlement that involves both monetary payments to participants of the Plans and changes in the investment options and fees of the Plans and a review of recordkeeping fees and services provided by TIAA. The settlement includes no admissions of liability and there are no admissions of the validity of any claim or defense. These and other terms of the Settlement are set forth in the Class Action Settlement Agreement, dated May 8, 2017 ("Settlement Agreement"), which is available at www._____, and is summarized below.

1.    <u>The Scope of the Classes Covered by the Settlement</u>. The Settlement Agreement proposes a class action settlement that would cover and be binding on the following individuals (the "Settlement Class"):

> All participants in the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and/or Teachers Insurance and Annuity Association of America Retirement Plan from October 14, 2009 to April 30, 2017. Excluded from the Class are Defendants and current and former members of the Committee, including their beneficiaries.

Whether a person meets this definition or not will be based on the Plans' records. You have received this notice because, based upon those records, you are believed to be a member of the Settlement Class.

2.    <u>The Payment and Allocation of a Settlement Fund</u>. As part of the Settlement, TIAA has agreed to make a payment of $5 million (the "Settlement Fund") for the benefit of the Settlement Class. This sum, after the deduction of reasonable amounts to be approved by the Court for a Service Award to Plaintiffs and Attorneys' Fees and Expenses, Administration Costs, and Taxes and Tax-Related Costs,[1] will be distributed to members of the Settlement Class on a pro rata basis, based upon their average account balances during the period of October 14, 2009 through April 30, 2017, except that any member of the Settlement Class with a pro rata amount of less than $10 shall receive no distribution. The Plan of Allocation is attached to this Notice as Appendix A. Members of the Settlement Class eligible for a Settlement share will receive a check from the Settlement Administrator. Pursuant to the terms of the Settlement Agreement, the Settlement Administrator has obtained plan records and calculates and pays your award, if any. Consequently, all inquiries related to such distributions should be addressed solely to the Settlement Administrator, at the addresses listed below.

Class Counsel intends to select an Independent Fiduciary to provide such authorization as may be required by Prohibited Transaction Exemption 2003-39 (or other applicable class or statutory exemptions) in order for the Plans to agree to settlement and a release of all claims. All costs reasonably borne by the Independent Fiduciary, including the reasonable fees of the independent fiduciary for its service, shall be borne by the Qualified Settlement Fund.

3.    <u>Non-Monetary Relief</u>: In addition to the monetary payment, Defendants agreed to implement the following changes to the Plans, subject to any changes in applicable law:

(A)    TIAA agreed to add at least ten (10) non-proprietary investment options to the Plans. Five (5) of these non-proprietary investment options will have investment management fees of 15 basis points or less. TIAA agreed to request the least-expensive share class available to the Plans for these ten non-proprietary investment options. In the event that the fund family for the non-proprietary fund pays revenue sharing, TIAA agreed to credit the revenue sharing payments to the

---

[1]    All capitalized terms not defined in this Notice shall be construed consistent with the definition provided in the Settlement Agreement.

Plans. The effect of these changes to the Plans is a potential reduction of investment expenses to the Class.

(B)     TIAA has created a brokerage window to permit participants in the Plans to invest in a broader range of mutual funds, including non-proprietary funds.

(C)     Members of the Committee currently receive no bonuses or other compensation as a result of Plan investments in TIAA proprietary investment options. TIAA agreed that it would not modify this practice in the future.

(D)     TIAA agreed to retain an independent consultant to the Committee to advise the Committee on the performance of investment options in the Plans and their investment costs relative to the appropriate peer group. The Committee agreed to request the independent consultant to provide assessments on new investment options in the Plans, including the non-proprietary investment options discussed in (3.A), above

(E)     TIAA agreed to retain an independent consultant on a one-time basis to review the Plans' recordkeeping fees for potential cost efficiencies in light of the types and quality of services that TIAA provides. The report will be provided to TIAA on a confidential basis and TIAA will provide a declaration to a neutral mediator stating (i) that the review has been completed, (ii) that TIAA has considered its recommendations, and (iii) whether TIAA is planning to make any changes to its recordkeeping systems as a result of information identified by the consultant. Upon completion of this undertaking, the neutral mediator will provide Class Counsel with a letter stating that TIAA has performed its obligations under this provision. TIAA is under no obligation to disclose or share the confidential report with Class Counsel, the Class, or any other persons or parties.

(F)     TIAA agreed to review and enhance its investor education program for Plan participants with respect to Plan investment options and the fees associated with those options. In the context of investor education enhancements, TIAA will enhance its investor educational program based upon its reasonable judgment of what is in the best interest of Plan participants and in accordance with the terms of the Plans. TIAA retains sole discretion to modify its investor education content for its workforce at any time and without notice to or consent from Class Counsel.

Defendants shall complete the implementation of the Non-Monetary Relief by December 31, 2017. Defendants shall file a notice with the Court within 30 days of implementing the Non-Monetary Relief attesting that they have implemented the Non-Monetary Relief.

4.     The Class-Wide Release of Claims. In exchange for payment of the Settlement Payment by TIAA and the changes in the Plans' operations as required by the Settlement Agreement (see paragraph above entitled Non-Monetary Relief), all members of the Settlement Class and the Plans will release any claims they have related to the lawsuit or that arose out of the conduct alleged in any Complaint filed in the lawsuit regarding the Plans' investment options, investment performance and service providers, and will be prohibited from bringing or

pursuing any other lawsuits or actions based upon such claims. A significant portion of the
benefits of the Settlement consists of Non-Monetary Relief. For this reason, Members of the
Settlement Class will release claims, whether or not they receive a cash distribution from the
Qualified Settlement Fund. Members of the Settlement Class further covenant not to sue
Defendants with respect to any of the subjects for which changes are being made to the operation
of the Plans (the "Covenant"). This Covenant not to sue expires at the end of the calendar year
occurring six years after the judgment in this case becomes final. The Releases and the Covenant
are set forth in full in the Settlement Agreement, which can be viewed online at [website], or
requested from Class Counsel.

### The Settlement Approval Process

The Court has granted preliminary approval of the proposed Settlement, and has
approved this notice to the Settlement Class. The Settlement will not take effect, however, until it
receives final approval from the Court. The Court will hold a Fairness Hearing on
_____, 2017, which will take place at The United States District Court for the
Southern District of New York, located at the Daniel Patrick Moynihan United States
Courthouse, 500 Pearl Street, New York, NY 10007-1312. The date and location of the Fairness
Hearing is subject to change by order of the Court, which will appear on the Court's docket for
these cases.

### The Opportunity to Object to the Settlement

Prior to the Fairness Hearing, members of the Settlement Class will have the opportunity
to object to approval of the Settlement. Members of the Settlement Class can object to the terms
of the Settlement Agreement and give reasons why they think the Court should not approve it.
To object, you must send your objection to the Court, at The Daniel Patrick Moynihan United
States Courthouse, 500 Pearl Street, New York, NY 10007-1312, and to the Parties at the
following addresses:

To Class Counsel:

Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006

Mark Boyko
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV  25301

EXHIBIT B

To Defendants' Counsel:

Lori A. Martin
WILMERHALE LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Objections must be filed with the Court Clerk on or before _____, 2017.
Objections filed after that date will not be considered. Any member of the Settlement Class
failing to submit a timely objection will be deemed to have waived any objection they might
have, and any untimely objection will be barred absent an order from the Court. Objections must
include:  (1) the case name and number; (2) your full name, current address, telephone number
and signature; (3) a statement that you are a member of the Settlement Class and an explanation
of the basis upon which you claim to be a member of the Settlement Class; (4) all grounds for the
objection, accompanied by any legal support known to you or your counsel; (5) a statement as to
whether you or your counsel intends to personally appear and/or testify at the Fairness Hearing;
and (6) a list of any persons you or your counsel may call to testify at the Fairness Hearing in
support of your objection.

Anyone who files and serves a timely written objection in accordance with the
instructions above may also appear at the Fairness Hearing either in person or through qualified
counsel retained at his or her own expense. Those persons or their attorneys intending to appear
at the Fairness Hearing must effect service of a notice of intention to appear setting forth: (1) the
name, address, and telephone number of the member of the Settlement Class, and (2) if
applicable, the name, address, and telephone number of that member of the Settlement Class's
attorney, on Class Counsel and Defendants' counsel (at the addresses set out above) and file it
with the Court Clerk by no later than _____, 2017. Anyone who does not timely file and
serve a notice of intention to appear in accordance with this paragraph shall not be permitted to
appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any
comment or objection that is timely filed will be considered by the Court even in the absence of a
personal appearance by the member of the Settlement Class or the counsel for the member of the
Settlement Class.

The Court will consider objections in deciding whether to grant final approval. Objectors
are not required to attend the Fairness Hearing, but if you intend to appear you must state your
intention to do so in the manner described above. Members of the Settlement Class who do not
comply with these procedures, or who miss the deadline to file an objection, lose the opportunity
to have their objection considered by the Court or to appeal from any order or judgment entered
by the Court regarding the Settlement.

EXHIBIT B

## **Attorneys' Fees and Case Contribution Award for Named Plaintiffs**

  In granting preliminary approval of the proposed Settlement, the Court appointed the Plaintiffs' lawyers to serve as "Class Counsel" for the Settlement Class. The attorneys for the Settlement Class are as follows:

Gregory Y. Porter
Mark Boyko
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006

  Class Counsel will file a motion with the Court seeking approval of payment from the Settlement Fund of the expenses they incurred in prosecuting the case, reasonable attorneys' fees, and a Case Contribution Award not to exceed $5,000 for the Named Plaintiffs and Class Representatives. Class Counsel intend to seek attorneys' fees and expenses not to exceed $1,666,667.00. The motion and supporting papers will be filed on or before _____, 2017. After that date, you may review the motion and supporting papers at [website]. Any attorneys' fees, expenses, and Service Award approved by the Court, in addition to the fee for the independent fiduciary and the expenses incurred by the Settlement Administrator in sending this notice and administering the Settlement, will be paid from the Qualified Settlement Fund.

## **Getting More Information**

  You can visit the website at [website], where you will find the full Settlement Agreement, the Court's order granting preliminary approval, this notice and other relevant pleadings and documents. If there are any changes to these deadlines, the date of the Final Approval Hearing, or Settlement Agreement, those changes will be posted to the Settlement Website. You will not receive an additional mailed notice with those changes, unless separately ordered by the Court. If you cannot find the information you need on the website, you may also contact 1-800-XXX-XXXX for more information. Please do not contact the Court to get additional information.

Dated: _____, 2017        By Order of the United States District Court
                  District Judge P. Kevin Castel

EXHIBIT C

EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CYNTHIA RICHARDS-DONALD and MICHELLE DEPRIMA, individually and on behalf of a class of all other persons similarly situated, and on behalf of the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and the Teachers Insurance and Annuity Association of America Retirement Plan,<br><br>       Plaintiffs,<br><br>   v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA and TIAA PLAN INVESTMENT REVIEW COMMITTEE,<br><br>       Defendants. | **Civ. A. No. 15-cv-08040 (PKC)** |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
**OF PROPOSED CLASS ACTION SETTLEMENT**

This action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").  Plaintiffs claim that Defendants breached their fiduciary duties and engaged in self-dealing and prohibited transactions under ERISA by selecting for the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and the Teachers Insurance and Annuity Association of America Retirement Plan (together, the "Plans") (i) investment options managed by Teachers Insurance and Annuity Association of America ("TIAA") or an affiliated entity, and (ii) TIAA to provide recordkeeping services for the Plans.  Defendants deny all allegations that they breached their duties to Plaintiffs, the Plans, or any other participant in the Plans, or engaged in any prohibited transactions.  The

EXHIBIT C

parties have reached a proposed Settlement.  The terms of the Settlement are set out in a Stipulation of Settlement and Release of Claims executed by Class Counsel and Defendants' Counsel on May 8, 2017 (the "Settlement Agreement").[1]

The Court has preliminarily considered the proposed Settlement Agreement to determine, among other things, whether it is sufficient to warrant the issuance of notice to Class Members. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      **Class Definition**.  The Court approves, for purposes of settlement only, certification of the Action as a class action under Rules 23(a) and 23(b)(1)(B) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All participants in the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and/or Teachers Insurance and Annuity Association of America Retirement Plan from October 14, 2009 to April 30, 2017.  Excluded from the Class are Defendants and current and former members of the Plan Investment Review Committee, including their beneficiaries.

The Class Period is the period from October 14, 2009 through April 30, 2017.  The proposed settlement would resolve the claims of Plaintiffs and the proposed Class.

2.      **Conditional Settlement Class Certification**.  The Court finds that, for the sole purpose of settlement and without an adjudication on the merits, all requirements pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) are met for certification of the Class.

3.      **Class Representatives**.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Plaintiffs Cynthia Richards-Donald and Michelle DePrima ("Plaintiffs") are certified as the Class Representatives.

---

[1]      Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

4. **Preliminary Findings Regarding Proposed Settlement Agreement.** The Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations, including mediation; (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses to Plaintiffs' claims; and (c) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to Class Members. Having considered the essential terms of the proposed Settlement Agreement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the proposed Settlement should be given notice and an opportunity to be heard regarding final approval of the proposed settlement.

5. **Fairness Hearing.** A hearing is scheduled for__________, 2017 at______ _.m. (the "Fairness Hearing") to determine among other things:

a. Whether the proposed Settlement warrants final approval as fair, reasonable and adequate;

b. Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, thereby permanently barring and enjoining all Class Members from commencing, instituting or prosecuting any action or other proceeding in any forum, or asserting any Released Claims against any of the Released Settling Parties (as defined in the Settlement Agreement);

c. Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

d. Whether the proposed allocation and distribution of the Settlement Payment should be approved; and

e.      Whether the application for Attorneys' Fees and Costs and the Service Awards to
Class Representatives are fair and reasonable and should be approved.

6.      **Settlement Administrator.**   The Court hereby approves the selection of [name],
[address], [telephone], as the Settlement Administrator.

7.      **Form of Class Notice.**   The parties have presented to the Court a proposed notice
to be sent via first-class mail, postage prepaid, and published on the internet (the "Class Settlement
Notice"; Exhibit 1 to this Order).   Class Counsel will post the Class Settlement Notice and the
Settlement Agreement on the previously established website (___).   The Court hereby approves, as
to form and content, the proposed Class Settlement Notice.   The Court finds that such form fairly
and adequately: (a) describes the terms and effect of the proposed Settlement and the plan of
allocation and distribution; (b) notifies Class Members that Class Counsel will seek approval of
Attorneys' Fees and Costs to be paid from the Qualified Settlement Fund, and for a Service Award
for each Class Representative for her service in such capacity; (c) gives notice to Class Members
of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Class
Settlement Notice may object to the proposed Settlement.

8.      **Manner of Class Notice.**   The parties have proposed the following manner of
communicating notice to the Class Members, and the Court finds that such proposed manner is
reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice and
meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable
law.  Accordingly, the Court directs that:

a.      Within twenty (20) days after entry of this Order, Defendants shall identify and
provide to the Settlement Administrator, as are reasonably available to Defendants
through Defendants' current records, the names of Class Members, their last known
addresses to which the Class Settlement Notice shall be sent, and their social

EXHIBIT C

security numbers.  Such provision to the Settlement Administrator shall be in electronic format (e.g., in spreadsheet or database format).  Such information shall be used exclusively and solely for purposes of providing notice and administering and distributing the Settlement Payment and shall be subject to the terms of the Protective Order entered in this action.

b.      Within forty (40) days after entry of this Order, the Settlement Administrator will cause the Class Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each Class Member who can be identified by reasonable effort.

c.      Within thirty (30) days after entry of this Order, Class Counsel shall post the Class Settlement Notice with such non-substantive modifications thereto as may be agreed upon by the parties, the Settlement Agreement, and this Order on the website, www.____.com.

d.      On or before twenty-one (21) days before the Fairness Hearing, Class Counsel shall file with the Court proof of timely compliance with the foregoing mailing and publication requirements.

9.      **Notice and Administration Expenses.**  The expenses of printing, mailing, and publishing all notices required hereby and expenses of otherwise administering the proposed Settlement shall be paid exclusively from the Qualified Settlement Fund, as indicated in the Settlement Agreement.

10.      **Objections to the Settlement.**  The Court will consider written comments or objections to the proposed Settlement, to the proposed award of Attorneys' Fees and Costs, or to the request for a Service Award for the Class Representatives only if such written comments or

EXHIBIT C

objections are filed with the Clerk of Court on or before forty-five (45) days before the Fairness

Hearing, comply with the requirements of Paragraph 11 below, and are served on the parties at the

following addresses:

> For Filing with the Court:
> *Re: Case No. 15-cv-08040 (PKC)*
> Clerk of Clerk
> U.S. District Court for the Southern District of New York
> Daniel Patrick Moynihan United States Courthouse
> 500 Pearl Street
> New York, NY 10007-1312
>
> To Class Counsel:
> Gregory Y. Porter
> 1054 31st Street, NW
> Suite 230
> Washington, DC 20007
>
> To Defendants' Counsel:
> Lori A. Martin
> WilmerHale LLP
> 7 World Trade Center
> 250 Greenwich Street
> New York, NY 10007

11.     The Court will only consider written comments and objections to the Settlement

that are signed by the Class Member and are timely filed with the Court and include all of the

following:  (i) the case name and number of this lawsuit, which is *Richards-Donald, et al. v.*

*Teachers Insurance and Annuity Association of America, et al.,* Case No. 15-cv-08040 (PKC)

(S.D.N.Y.); (ii) the objecting Class Member's name, current address, telephone number and

signature; (iii) a statement confirming that he or she is a Class Member and an explanation of the

basis upon which he or she claims to be a Class Member; and (iv) the specific objection(s) that he

or she is making and an explanation for the objection(s).  Any Class Member or other person who

does not timely file and serve a written objection complying with the terms of this paragraph shall

be deemed to have waived, and shall be foreclosed from raising, any objection to the proposed

EXHIBIT C

Settlement, including any right to appeal.  Defendants' Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

12.    **Motion for Final Approval.**  Plaintiffs shall file and serve a motion for final approval of the proposed Settlement and papers in support thereof, Class Counsel's applications for Attorneys' Fees and Costs, and the Service Awards to the Class Representatives no later than fourteen (14) days before the Fairness Hearing.  If the Court grants final approval of the Settlement and enters the Final Order and Judgment, all Class Members shall be bound by the Final Order and Judgment.

13.    **Termination of Settlement.**  This Order shall become null and void, *ab initio,* and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of the day immediately before the parties executed the Settlement Agreement, if the settlement is terminated in accordance with the terms of the Settlement Agreement.  The parties shall promptly provide notice to the Court if the Settlement Agreement is terminated.

14.    **Use of Order.**  This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the parties.  This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, and Defendants specifically deny any such fault, breach, liability, or wrongdoing.  This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Class that their claims lack merit or that the relief requested in the action is inappropriate, improper, or unavailable.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated.

EXHIBIT C

15.   **Jurisdiction.**  The Court hereby retains jurisdiction for purposes of implementing the proposed Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

16.   **Continuance of Fairness Hearing.**  The Court reserves the right to continue the Fairness Hearing without further mailed or published notice to Class Members.

17.   **Schedule.**  The Court enters the following schedule for class notice, objections, briefing, and the Fairness Hearing:

| Event | Deadline |
|---|---|
| Defendants' Provision of Class Member Information to Settlement Administrator | [20] days after entry of this Order |
| Posting of Class Settlement Notice on Website | [30] days after entry of this Order |
| Initial Mailing of Class Settlement Notice | [40] days after entry of this Order |
| File Application for Attorneys' Fees and Costs and Service Award for Class Representatives | [40] days after entry of this Order |
| File Objections | [45] days prior to the Fairness Hearing |
| File Proof of Mailing of Notice | [21] days prior to the Fairness Hearing |
| File Motion for Final Approval | [14] days prior to the Fairness Hearing |
| Fairness Hearing | , 2017 |

SO ORDERED this the_____day of _____ , 2017.

_____

P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

# EXHIBIT D

EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CYNTHIA RICHARDS-DONALD and
MICHELLE DEPRIMA, individually and on
behalf of a class of all other persons similarly
situated, and on behalf of the Teachers
Insurance and Annuity Association of America
Code Section 401(k) Plan and the Teachers
Insurance and Annuity Association of America
Retirement Plan,

               Plaintiffs,

    v.

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA and TIAA
PLAN INVESTMENT REVIEW
COMMITTEE,

               Defendants.

**Civ. A. No. 15-cv-08040 (PKC)**

**[PROPOSED] ORDER GRANTING FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

This action involves claims for alleged violations of the Employee Retirement Income

Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").  Plaintiffs claim that

Defendants breached their fiduciary duties and engaged in self-dealing and prohibited transactions

under ERISA by selecting for the Teachers Insurance and Annuity Association of America Code

Section 401(k) Plan and the Teachers Insurance and Annuity Association of America Retirement

Plan (together, the "Plans") (i) investment options managed by Teachers Insurance and Annuity

Association of America ("TIAA") or an affiliated entity, and (ii) TIAA to provide recordkeeping

services for the Plans.  Defendants deny all allegations that they breached their duties to Plaintiffs

or any other participant in the Plans or engaged in any prohibited transactions.  The parties have

EXHIBIT D

reached agreement on a proposed Settlement.  The terms of the Settlement are set out in the Stipulation of Settlement and Release of Claims executed by Class Counsel and Defendants' Counsel on May 8, 2017 (the "Settlement Agreement"), which is incorporated herein by reference.[1]

The Court has considered the Settlement and conducted a hearing to determine whether the Settlement is fair, reasonable, and adequate under the circumstances.  Upon reviewing and considering the pleadings and documents filed in this action, Plaintiffs' Motion for Final Approval, the arguments of counsel, objections that were timely filed with the Court, and the Settlement Agreement, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      The Court has jurisdiction over the subject matter of this Action and all parties to the Action, including all Class Members.

2.      The Court previously certified a Class for settlement purposes.  The Class is defined as:

> All participants in the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and/or Teachers Insurance and Annuity Association of America Retirement Plan from October 14, 2009 to April 30, 2017.  Excluded from the Class are Defendants and current and former members of the Plan Investment Review Committee, including their beneficiaries.

The Class Period is the period from October 14, 2009 through April 30, 2017.

3.      Pursuant to Federal Rule of Civil Procedure 23(c)(1), all individuals within the Class, as defined in paragraph 2 above, are "Settlement Class Members."

4.      Notice of the Settlement was mailed, by first-class mail, postage prepaid, and published on an internet website ("Class Settlement Notice").  This Class Settlement Notice constituted the best notice practicable under the circumstances and constituted valid, due, and

---

[1]      Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

sufficient notice to the Class of their rights and obligations, in compliance with Federal Rule of Civil Procedure 23 and due process.

5.      The Court conducted a Fairness Hearing on _____, 2017, to consider whether the Settlement warrants final approval as fair, reasonable, and adequate.

6.      The Court finds that: (a) the Settlement resulted from arm's-length negotiations, including mediation before a retired federal judge; (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses to Plaintiffs' claims; and (c) the Settlement is fair, reasonable, and adequate.

7.      The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with the terms and conditions of the Settlement Agreement.  This Final Order and Judgment incorporates and makes part hereof the Settlement Agreement filed with this Court on May 10, 2017.

8.      Pursuant to Federal Rule of Civil Procedure 23(c)(1), all Settlement Class Members are bound by this Order Granting Final Approval of Class Action Settlement and Final Judgment, and by the terms of the Settlement Agreement.

9.      The Released Settling Parties, including Plaintiffs, all Settlement Class Members, and the Plans are hereby: (a) deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims against the Released Settling Parties, as set forth in paragraphs 37 through 45 of the Settlement Agreement; (b) forever barred and permanently enjoined from asserting, instituting, or commencing, either directly or indirectly, any of the Released Claims against any of the Released Settling Parties; and (c) shall be and are deemed bound by the Settlement Agreement and this Final Order and Judgment.  This Final Order and Judgment,

including the release of all Released Claims against all Released Settling Parties, shall have *res judicata* and other preclusive effect in all pending and future lawsuits, arbitrations or other proceedings maintained by or on behalf of Plaintiffs and all other Class Members, as well as their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns.

10.     Consistent with the provisions of the Settlement Agreement governing the timing for performance, the parties are directed to perform the Settlement Agreement according to its terms and consistent with all additional terms set forth in this Order Granting Final Approval of Class Action Settlement and Final Judgment, or any other subsequent order of the Court.

11.     Without affecting the finality of this Order Granting Final Approval of Class Action Settlement and Final Judgment in any way, the Court hereby retains continuing jurisdiction over the implementation, administration, and enforcement of this Final Judgment, the Settlement Agreement, and all matters ancillary thereto.

12.     All requirements of the Class Action Fairness Act, 29 U.S.C. § 1711 *et seq.*, have been met.

13.     Each and every objection to the Settlement is overruled with prejudice.

14.     This Action and all claims that were or could have been raised therein, whether asserted by Plaintiffs on their own behalf, or on behalf of the Settlement Class, or on behalf of the Plans, are hereby dismissed with prejudice and without costs to any of the Released Settling Parties, other than as provided for in the Settlement Agreement.

15.     Class Counsel, Plaintiffs, Settlement Class Members, or the Plans may hereafter discover facts in addition to or different from those they know or believe to be true with respect to the Released Claims.  Such facts, if known by them, might have affected their decision to settle

with Defendants or their decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, Plaintiffs, each Settlement Class Member, and the Plans have hereby fully, finally, and forever settled, released, relinquished, and discharged all Released Settling Parties of the Released Claims.

16.     Plaintiffs, each Settlement Class Member and the Plans hereby waive any and all rights or benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction.  Section 1542 of the California Civil Code provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

17.     Plaintiffs, each Settlement Class Member and the Plans shall hold harmless the Released Settling Parties for any taxes due on funds once deposited in the Qualified Settlement Fund.

18.     Neither the Memorandum of Understanding executed by the parties on October 7, 2016 (the "MOU"), nor the Settlement Agreement, nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the MOU or Settlement Agreement, is to be considered in this or any other proceeding as evidence, or a presumption or inference, admission or concession by Defendants in the Action, of any fault, liability or wrongdoing whatsoever, or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings.  Neither the MOU, nor the Settlement Agreement, nor this Final Order and Judgment,

nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the MOU or Settlement Agreement is admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the parties.  Neither the MOU, nor the Settlement Agreement, nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the MOU or Settlement Agreement shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing.  Neither the MOU, nor the Settlement Agreement, nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the MOU or Settlement Agreement shall be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable.  Neither the MOU, nor the Settlement Agreement, nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the MOU or Settlement Agreement shall be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. Notwithstanding the foregoing in this Paragraph 18, the Settlement Agreement and/or Final Order and Judgment may be introduced in any proceeding, whether in this Court or otherwise, as may be necessary to argue that the Settlement Agreement and/or Final Order and Judgment has *res judicata*, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Final Order and Judgment.

19.     The binding effect of this Final Order and Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Final Order and Judgment that relates solely to the issue of Class Counsel's (or any other counsel's) application for an award of Attorneys' Fees and Costs.

20.     The Settlement Administrator, working under the direction of Class Counsel, shall have final authority to determine the share of the Settlement Payment to be allocated to each Settlement Class Member.

21.     With respect to payments or distributions to Settlement Class Members, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in his, her, or its sole and exclusive discretion.

22.     With respect to any matters that arise concerning distributions to Settlement Class Members (after allocation decisions have been made by the Settlement Administrator in his, her, or its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator after consultation with the parties and their counsel.

23.     At a reasonable date following the issuance of all settlement payments to Settlement Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who was issued a settlement payment and the amount of such payment.

24.     Without further order of the Court, the parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

25.     Upon entry of this Order, all Settlement Class Members and the Plans shall be bound by the Settlement Agreement and by this Final Order and Judgment.

EXHIBIT D

26.     The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment forthwith.


IT SO ORDERED this the _____day of_____, 2017


_____
P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

EXHIBIT E

EXHIBIT E

Plan of Allocation:

I.  The amounts due each Class Member shall be calculated by the Settlement administrator pursuant to the Plan of Allocation as follows:

a.  The *Settlement Administrator* shall obtain from the *Company* the account balances for each *Class Member* as of the end of each quarter of the class period.

b.  The *Settlement Administrator* shall obtain, in writing, instructions from *Class Counsel*, on the *Distributable Amount*.

c.  The *Apportionment* shall be determined by calculating for all *Participants* their average quarter-ending account balance over the entire class period and assigning each participant a pro rata proportion of the *Distributable Amount*.

d.  *Class members* who are entitled to a distribution of less than $10.00 will not receive a distribution. Class members' awards for former plan participants who could not be located by reasonable means, and Class members' awards falling below $10.00, will be progressively returned to the *Distributable Amount* and re-allocated until the lowest participating Class member award is $10.00.  This modified award shall be known as the Class Member's *Entitlement Amount*.

e.  The Settlement Administrator shall utilize the calculations required to be performed herein for making the required distributions of the *Entitlement Amount,* less any required withholdings or tax penalties, to each *Class Member*. In the event that the Settlement Administrator determines that the *Plan of Allocation* would otherwise require payments exceeding the *Distributable Amount*, the *Settlement Administrator* is authorized to make such changes as are necessary to the *Plan of Allocation* such that said totals do not exceed the *Distributable Amount*.

f.  If the *Settlement Administrator* concludes that it is impracticable to implement any provision of the *Plan of Allocation*, it shall be authorized to make such changes to the methodology as are necessary to implement as closely as possible the terms of the *Settlement Agreement*, so long as the total amount of all un-voided checks to be written by the *Settlement Administrator* does not— without written agreement of the *Company* and *Class Counsel*— exceed the *Distributable Amount*.

EXHIBIT F

**EXHIBIT F**

# INVESTMENT OPTIONS
# TO BE ADDED TO PLAN MENUS

| FUND |
|------|
| BLACKROCK US DEBT INDEX |
| BLACKROCK EQUITY INDEX |
| BLACKROCK S&P 400 MIDCAP INDEX |
| BLACKROCK RUSSELL 2000 EQUITY INDEX |
| BLACKROCK MSCI ACWI EX-US INDEX |
| BLACKROCK STRATEGIC COMPLETION FUND |
| ALLIANCE BERNSTEIN SMALL/MID CAP VALUE |
| ARROWPOINT PARTNERS SMALL/MID CAP GROWTH |
| SCHRODER QEP INTERNATIONAL VALUE |
| HARTFORD INTERNATIONAL OPPORTUNITIES |

**EXHIBIT F**

# INVESTMENT OPTIONS
# TO BE REMOVED FROM PLAN MENUS

| FUND | STATUS |
|---|---|
| TIAA-CREF LARGE CAP GROWTH INDEX | REPLACE |
| TIAA-CREF LARGE CAP VALUE INDEX | REPLACE |
| TIAA-CREF S&P 500 INDEX | REPLACE |
| TIAA-CREF SMALL CAP BLEND INDEX | REPLACE |
| TIAA-CREF INTERNATIONAL EQUITY INDEX | REPLACE |
| TIAA-CREF GROWTH & INCOME FUND | REPLACE |
| TIAA-CREF MID CAP GROWTH FUND | REPLACE |
| TIAA-CREF MID CAP VALUE FUND | REPLACE |
| TIAA-CREF SMALL CAP EQUITY FUND | REPLACE |
| TIAA-CREF INTERNATIONAL EQUITY FUND | REPLACE |
| TIAA-CREF EMERGING MARKETS EQUITY FUND | REPLACE |
| TIAA-CREF REAL ESTATE SECURITIES FUND | REPLACE |
| CREF INFLATION-LINKED BOND ACCOUNT | FREEZE |
| CREF EQUITY INDEX ACCOUNT | FREEZE |

**EXHIBIT F**

# MAPPING OF PLAN ASSETS

| OLD FUND | NEW FUND |
|---|---|
| TIAA-CREF LARGE CAP GROWTH INDEX | BLACKROCK EQUITY INDEX |
| TIAA-CREF LARGE CAP VALUE INDEX | BLACKROCK EQUITY INDEX |
| TIAA-CREF S&P 500 INDEX | BLACKROCK EQUITY INDEX |
| TIAA-CREF SMALL CAP BLEND INDEX | BLACKROCK RUSSELL 2000 EQUITY INDEX |
| TIAA-CREF INTERNATIONAL EQUITY INDEX | BLACKROCK MSCI ACWI EX-US INDEX |
| TIAA-CREF GROWTH & INCOME FUND | BLACKROCK EQUITY INDEX |
| TIAA-CREF MID CAP GROWTH FUND | BLACKROCK S&P 400 MIDCAP INDEX |
| TIAA-CREF MID CAP VALUE FUND | BLACKROCK S&P 400 MIDCAP INDEX |
| TIAA-CREF SMALL CAP EQUITY FUND | BLACKROCK RUSSELL 2000 EQUITY INDEX |
| TIAA-CREF INTERNATIONAL EQUITY FUND | BLACKROCK MSCI ACWI EX-US INDEX |
| TIAA-CREF EMERGING MARKETS EQUITY FUND | TIAA-CREF LIFECYCLE FUNDS |
| TIAA-CREF REAL ESTATE SECURITIES FUND | TIAA-CREF LIFECYCLE FUNDS |