UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA RICHARDS-DONALD and MICHELLE DEPRIMA, individually and on behalf of a class of all other persons similarly situated, and on behalf of the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and the Teachers Insurance and Annuity Association of America Retirement Plan,<br><br>     Plaintiffs,<br><br> v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA; and TIAA PLAN INVESTMENT REVIEW COMMITTEE,<br><br>     Defendants. | Civ. A. No. 15-cv-08040-PKC |

## **PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Plaintiffs respectfully file this Motion under Rule 23(e) of the Federal Rules of Civil Procedure for preliminary approval of a Class Settlement.

1. This action was originally filed in this Court on October 13, 2005. The original Complaint, as well as the First Amended Complaint, filed on April 6, 2016, allege that the Defendants' breached their fiduciary duties under ERISA by, among other things, allowing excessive fees and engaging in prohibited transactions.

2. On May 8, 2017, after months of arm's-length negotiation, the Parties entered into a Settlement Agreement and request that the Court preliminarily approve the Settlement Agreement that is attached hereto as Exhibit A.

3. The Settlement Class is defined as:

**All participants in the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and/or Teachers Insurance and Annuity Association of America Retirement Plan from October 14, 2009 to April 30, 2017.  Excluded from the Class are Defendants and current and former members of the Committee, including their beneficiaries.**

4. The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case and preliminary approval of the Settlement is in the best interests of the Class Members.  In return for a release of the Class Representatives' and Class Members' claims, Defendants have agreed to:

(a) Pay a sum of $5,000,000 into a Gross Settlement Fund; and
(b) Institute Affirmative Relief as described in the Settlement Agreement (attached hereto as Exhibit A).

5. The approval of a proposed class action settlement occurs in a two-step process.  The first step requires the Court, in the exercise of its discretion, to preliminarily determine whether the proposed Settlement falls within the range of possible approval. *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005).

6. Preliminary approval should be granted if the court finds the proposed Settlement to be (i) the product of serious, informed, and non-collusive negotiations; (ii) within the range of possible approval; and (iii) without obvious deficiencies. *In re NASDAQ Mkt-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).

7. The Settlement reached between the Parties here more than satisfies this standard and is clearly "within the range of possible approval" by the Court given the significant nature of the case and the result reached by the Plaintiffs.  Preliminary approval will not foreclose interested persons from objecting to the Settlement and thereby presenting dissenting viewpoints to the Court.

8. Plaintiffs also submit to the Court a Memorandum in Support of the Consent Motion for Preliminary Approval, as well as Declarations of the Class Counsel. Defendants are not submitting a Memorandum addressing the Motion.

WHEREFORE, Plaintiffs request the following:

- That the Court hold a preliminary approval hearing to review the Settlement Agreement and to receive argument from counsel regarding the adequacy of the Settlement;

- That following the preliminary approval hearing, the Court enters an Order granting its preliminary approval of the Settlement Agreement in the form attached as Exhibit A.

- That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court, with supporting documentation, and order such objections, if any, be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice;

- That the Court schedule a Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the Parties' Settlement Agreement; and

- That following the Fairness Hearing, the Court enter an Order granting final approval of the Parties' Settlement and dismissing the Amended Complaint in this Litigation with prejudice.

Dated: May 10, 2017                     Respectfully submitted,

s/ Gregory Y. Porter
Gregory Y. Porter, *pro hac vice*
Ryan T. Jenny, *pro hac vice*
Mark G. Boyko, *pro hac vice to be filed*
Bailey & Glasser LLP
1054 31st Street, NW
Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny @baileyglasser.com

Kevin Barrett
Bailey & Glasser LLP
137 Betsy Brown Road
Port Chester, NY 10573
Telephone: (646) 776-8580
kbarrett@baileyglasser.com

Major Khan
Major Khan LLC
1120 Avenue of the Americas
Suite 4100
New York, NY 10036
Telephone: (646) 546-5664
Facsimile: (646) 546-5755
mk@mk-llc.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May 2017, a true and correct copy of the foregoing was served upon all counsel of record by operation of this Court's CM/ECF system.

/s/ Gregory Y. Porter  
Gregory Y. Porter