UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA RICHARDS-DONALD and MICHELLE DEPRIMA, individually and on behalf of a class of all other persons similarly situated, and on behalf of the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and the Teachers Insurance and Annuity Association of America Retirement Plan,<br><br>Plaintiffs,<br><br>v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA and TIAA PLAN INVESTMENT REVIEW COMMITTEE,<br><br>Defendants. | Civ. A. No. 15-cv-08040 (PKC)<br><br> |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
OF PROPOSED CLASS ACTION SETTLEMENT

This action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Plaintiffs claim that Defendants breached their fiduciary duties and engaged in self-dealing and prohibited transactions under ERISA by selecting for the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and the Teachers Insurance and Annuity Association of America Retirement Plan (together, the "Plans") (i) investment options managed by Teachers Insurance and Annuity Association of America ("TIAA") or an affiliated entity, and (ii) TIAA to provide recordkeeping services for the Plans. Defendants deny all allegations that they breached their duties to Plaintiffs, the Plans, or any other participant in the Plans, or engaged in any prohibited transactions. The

parties have reached a proposed Settlement. The terms of the Settlement are set out in a Stipulation of Settlement and Release of Claims executed by Class Counsel and Defendants' Counsel on May 8, 2017 (the "Settlement Agreement").[1]

The Court has preliminarily considered the proposed Settlement Agreement to determine, among other things, whether it is sufficient to warrant the issuance of notice to Class Members. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. **Class Definition.** The Court approves, for purposes of settlement only, certification of the Action as a class action under Rules 23(a) and 23(b)(1)(B) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All participants in the Teachers Insurance and Annuity Association of America Code Section 401(k) Plan and/or Teachers Insurance and Annuity Association of America Retirement Plan from October 14, 2009 to April 30, 2017. Excluded from the Class are Defendants and current and former members of the Plan Investment Review Committee, including their beneficiaries.

The Class Period is the period from October 14, 2009 through April 30, 2017. The proposed settlement would resolve the claims of Plaintiffs, the Plans and the proposed Class.

2. **Conditional Settlement Class Certification.** The Court finds that, for the sole purpose of settlement and without an adjudication on the merits, all requirements pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) are met for certification of the Class.

3. **Class Representatives.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Plaintiffs Cynthia Richards-Donald and Michelle DePrima ("Plaintiffs") are certified as the Class Representatives. Pursuant to Rule 23(g), the law firm Bailey & Glasser is appointed as Class Counsel.

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

4.     **Preliminary Findings Regarding Proposed Settlement Agreement.** The Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations, including mediation; (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses to Plaintiffs' claims; and (c) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to Class Members. Having considered the essential terms of the proposed Settlement Agreement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the proposed Settlement should be given notice and an opportunity to be heard regarding final approval of the proposed settlement.

5.     **Fairness Hearing.** A hearing is scheduled for October 20, 2017 at 2 p.m. (the "Fairness Hearing") to determine among other things:

   a.   Whether the proposed Settlement warrants final approval as fair, reasonable and adequate;

   b.   Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, thereby permanently barring and enjoining all Class Members from commencing, instituting or prosecuting any action or other proceeding in any forum, or asserting any Released Claims against any of the Released Settling Parties (as defined in the Settlement Agreement);

   c.   Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

   d.   Whether the proposed allocation and distribution of the Settlement Payment should be approved; and

- 3 -

    e.    Whether the application for Attorneys' Fees and Costs and the Service Awards to Class Representatives are fair and reasonable and should be approved.

6.    **Settlement Administrator.** The Court hereby approves the selection of KCC Class Action Services, LLC, 3301 Kerner Blvd., San Rafael, CA 94901, as the Settlement Administrator.

7.    **Form of Class Notice.** The parties have presented to the Court a proposed notice to be sent via first-class mail, postage prepaid, and published on the internet (the "Class Settlement Notice"; Exhibit 1 to this Order). Class Counsel will post the Class Settlement Notice and the Settlement Agreement on the website www.tiaaerisasettlement.com. The Court hereby approves, as to form and content, the proposed Class Settlement Notice. The Court finds that such form fairly and adequately: (a) describes the terms and effect of the proposed Settlement and the plan of allocation and distribution; (b) notifies Class Members that Class Counsel will seek approval of Attorneys' Fees and Costs to be paid from the Qualified Settlement Fund, and for a Service Award for each Class Representative for her service in such capacity; (c) gives notice to Class Members of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Class Settlement Notice may object to the proposed Settlement.

8.    **Manner of Class Notice.** The parties have proposed the following manner of communicating notice to the Class Members, and the Court finds that such proposed manner is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice and meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law. Accordingly, the Court directs that:

    a.    Within twenty (20) days after entry of this Order, Defendants shall identify and provide to the Settlement Administrator, as are reasonably available to Defendants through Defendants' current records, the names of Class Members, their last known

           addresses to which the Class Settlement Notice shall be sent, and their social security numbers. Such provision to the Settlement Administrator shall be in electronic format (e.g., in spreadsheet or database format). Such information shall be used exclusively and solely for purposes of providing notice and administering and distributing the Settlement Payment and shall be subject to the terms of the Protective Order entered in this action.

    b.    Within forty (40) days after entry of this Order, the Settlement Administrator will cause the Class Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each Class Member who can be identified by reasonable effort.

    c.    Within thirty (30) days after entry of this Order, Class Counsel shall post the Class Settlement Notice with such non-substantive modifications thereto as may be agreed upon by the parties, the Settlement Agreement, and this Order on the website, www.tiaaerisasettlement.com.

    d.    On or before twenty-one (21) days before the Fairness Hearing, Class Counsel shall file with the Court proof of timely compliance with the foregoing mailing and publication requirements.

9.    **Notice and Administration Expenses.** The expenses of printing, mailing, and publishing all notices required hereby and expenses of otherwise administering the proposed Settlement shall be paid exclusively from the Qualified Settlement Fund, as indicated in the Settlement Agreement.

10.    **Objections to the Settlement.** The Court will consider written comments or objections to the proposed Settlement, to the proposed award of Attorneys' Fees and Costs, or to

the request for a Service Award for the Class Representatives only if such written comments or objections are filed with the Clerk of Court on or before forty-five (45) days before the Fairness Hearing, comply with the requirements of Paragraph 11 below, and are served on the parties at the following addresses:

> For Filing with the Court:
> *Re: Case No. 15-cv-08040 (PKC)*
> Clerk of Clerk
> U.S. District Court for the Southern District of New York
> Daniel Patrick Moynihan United States Courthouse
> 500 Pearl Street
> New York, NY 10007-1312
>
> To Class Counsel:
> Gregory Y. Porter
> 1054 31st Street, NW
> Suite 230
> Washington, DC 20007
>
> To Defendants' Counsel:
> Lori A. Martin
> WilmerHale LLP
> 7 World Trade Center
> 250 Greenwich Street
> New York, NY 10007

11.     The Court will only consider written comments and objections to the Settlement that are signed by the Class Member and are timely filed with the Court and include all of the following: (i) the case name and number of this lawsuit, which is *Richards-Donald, et al. v. Teachers Insurance and Annuity Association of America, et al.,* Case No. 15-cv-08040 (PKC) (S.D.N.Y.); (ii) the objecting Class Member's name, current address, telephone number and signature; (iii) a statement confirming that he or she is a Class Member and an explanation of the basis upon which he or she claims to be a Class Member; and (iv) the specific objection(s) that he or she is making and an explanation for the objection(s). Any Class Member or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall

be deemed to have waived, and shall be foreclosed from raising, any objection to the proposed Settlement, including any right to appeal. Defendants' Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

12. **Motion for Final Approval.** Plaintiffs shall file and serve a motion for final approval of the proposed Settlement and papers in support thereof, Class Counsel's applications for Attorneys' Fees and Costs, and the Service Awards to the Class Representatives no later than fourteen (14) days before the Fairness Hearing. If the Court grants final approval of the Settlement and enters the Final Order and Judgment, all Class Members shall be bound by the Final Order and Judgment.

13. **Termination of Settlement.** This Order shall become null and void, *ab initio,* and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of the day immediately before the parties executed the Settlement Agreement, if the settlement is terminated in accordance with the terms of the Settlement Agreement. The parties shall promptly provide notice to the Court if the Settlement Agreement is terminated.

14. **Use of Order.** This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the parties. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, and Defendants specifically deny any such fault, breach, liability, or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Class that their claims lack merit or that the relief requested in the action is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any

arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated.

15. **Jurisdiction.** The Court hereby retains jurisdiction for purposes of implementing the proposed Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

16. **Continuance of Fairness Hearing.** The Court reserves the right to continue the Fairness Hearing without further mailed or published notice to Class Members.

17. **Schedule.** The Court enters the following schedule for class notice, objections, briefing, and the Fairness Hearing:

| Event | Deadline |
| --- | --- |
| Defendants' Provision of Class Member Information to Settlement Administrator | [20] days after entry of this Order |
| Posting of Class Settlement Notice on Website | [30] days after entry of this Order |
| Initial Mailing of Class Settlement Notice | [40] days after entry of this Order |
| File Application for Attorneys' Fees and Costs and Service Award for Class Representatives | [40] days after entry of this Order |
| File Objections | [45] days prior to the Fairness Hearing |
| File Proof of Mailing of Notice | [21] days prior to the Fairness Hearing |
| File Motion for Final Approval | [14] days prior to the Fairness Hearing |
| Fairness Hearing | October 20, 2017, 2 pm |

SO ORDERED this the 11 day of May, 2017.



_____
P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE