**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



CYNTHIA RICHARDS-DONALD and
MICHELLE DEPRIMA, individually and on
behalf of a class of all other persons similarly
situated, and on behalf of the Teachers
Insurance and Annuity Association of
America Code Section 401(k) Plan and the
Teachers Insurance and Annuity Association
of America Retirement Plan,

Plaintiffs,

v.

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA and TIAA
PLAN INVESTMENT REVIEW
COMMITTEE,

Defendants.

**Civ. A. No. 15-cv-08040 (PKC)**



## [PROPOSED] ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, REIMBURMSENT OF EXPENSES AND NAMED PLAINITFF INCENTIVE AWARDS

### I.   INTRODUCTION

THIS MATTER is before the Court in connection with Class Counsel's Petition for

Attorneys' Fees and Costs. In their Petition, Class Counsel, the law firm of Bailey & Glasser

LLP, has asked this Court to compensate them for their role in obtaining a settlement of class

claims under the Employee Retirement Income Security Act ("ERISA"). The settlement provides

a $5 million monetary recovery for participants in two defined contribution retirement plans

offered to employees of TIAA-CREF. The settlement also contains programmatic relief for the

approximately 26,000-member ERISA class, which is expected to save the Plans over $3 million per year in fee savings.

Class Counsel has asked this Court to award them a fee of 33 1/3% of the monetary settlement obtained or $1,666,667. Class Counsel has also asked this Court to award them $58,883.39 for outstanding costs. Finally, Class Counsel requests service awards of $5,000 to each of the named plaintiffs: Cynthia Richards-Donald and Michelle DePrima.

In a court-approved notice regarding the terms of the ERISA settlement, class members were advised of Class Counsel's request and were given an opportunity to object. Out of more than 26,000 class notices mailed to class members, not a single one filed an objection to Class Counsel's request for fees and costs. The Court finds this to be a remarkable indication of the class's overwhelming and justified support for their Class Counsel and Class Counsel's Petition.

On October 20, 2017, this Court conducted a hearing regarding the Motion for Final Approval of Class Action Settlement as well as Plaintiffs' Application for Attorneys' Fees and Reimbursement of Expenses and for Case Contribution Awards for Named Plaintiffs. Based upon my observation of Counsel's conduct during this litigation, my knowledge of the difficult legal issues facing the Plaintiffs, and a review of Class Counsel's Application, I granted Counsel's request. This Order explains my findings and conclusion that Counsel's fee and cost request is reasonable and merited.

## II.   FINDINGS AND CONCLUSIONS

### A. Class Counsel's Request For Attorneys' Fees

When a settlement yields a fund for class members, fees must be paid from the recovery. *Boeing Co. v. VanGemert*, 444 U.S. 472, 481 (1980). The percentage method is the exclusive or predominant means of calculating common-fund attorney fees. *McDaniel v. Cnty. of*

*Schenectady*, 595 F.3d 411, 422 (2d Cir. 2010). The percentage method is advantageous because it "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citation and internal quotation marks omitted). In such cases, the benefit should be "based on both the monetary and the non-monetary value of the settlement." *Principles of the Law of Aggregate Litigation*, A.L.I., at §3.13(b) (May 20, 2009).

In *Goldberger*, the Second Circuit collected the "traditional criteria [used] in determining a reasonable common fund fee." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Those factors include "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Id.* (citation, internal quotation marks and alteration omitted). The *Goldberger* factors support Plaintiffs' requested attorney fee award of one-third the common fund.

**1. Time and Labor Expended by Counsel.**

Plaintiffs are represented by national counsel Gregory Porter, Ryan Jenny and Mark Boyko of Bailey & Glasser, LLP. Together, counsel has expended nearly 600 hours to date to advance Plaintiffs' cause, and incurred $58,883.39 in expenses.

Class Counsel has pursued this matter since April 2015—over two years of diligent research, investigation, briefing, and settlement efforts. Counsel researched the litigation pre-filing, worked with Plaintiffs on the Complaint and Amended Complaint, as well as factual case development, review of discovery, and consultations with experts. Class Counsel were efficient and effective in securing this result for their clients.

## 2. Magnitude and Complexities of the Litigation.

ERISA 401(k) fiduciary breach class actions are extremely complex and require a willingness to risk significant resources in time and money, given the uncertainty of recovery and the protracted and sharply-contested nature of ERISA litigation. ERISA is a "comprehensive and reticulated statute." *Nachman Corp. v. Pension Ben. Guaranty Corp.*, 446 U.S. 359, 361 (1980). Class Counsel thus must be knowledgeable about this complex and developing area of law, aware of numerous merits and procedural pitfalls, willing to risk dismissal at any stage, and prepared to pursue many years of litigation. Class Counsel are experts in retirement plan litigation. The complexity of such litigation is enormous and supports Plaintiffs' fee request.

## 3. Risk of the Litigation.

"The level of risk associated with litigation ... is 'perhaps the foremost factor' to be considered" in ascertaining a reasonable fee in a common-fund action. *McDaniel*, 595 F.3d at 424 (quoting *Goldberger*, 209 F.3d at 54 (internal citations omitted)). The risk of zero recovery here was present from the moment Class Counsel decided to investigate this case. Dismissals have been obtained in cases alleging imprudent investment selection in 401(k) plans, including the selection of the same investment options at issue in this litigation. *Sweda v. The University of Pennsylvania*, No. 16-4329, 2017 WL 4179752 (E.D. Penn. Sept. 21, 2017).

## 4. Quality of Representation.

Bailey & Glasser LLP has three of the most experienced ERISA fiduciary breach attorneys in the country. Gregory Y. Porter, Ryan T. Jenny and Mark G. Boyko each have extensive experience at the forefront of this area of law. As the result of this case indicates, Class Counsel were able to navigate a legal minefield, leveraging their vast experience with similar

matters and particular expertise to achieve a positive, lasting, and meaningful benefit to the Class.

**5. Requested Fee in Relation to the Settlement.**

Counsel's request for one-third of the common fund is reasonable and consistent with the norms of class litigation in this circuit. In ERISA fee litigation specifically, a one-third contingency fee is clearly the market rate. In numerous prior settlements of 401(k) fee cases, class counsel have been awarded one-third of the monetary recovery to the plans. *See Bilewicz v. FMR Co.*, No. 13-10636, 2014 WL 8332137, at *6 (D. Mass. Oct. 16, 2014) (approving a one-third fee from a $12 million recovery); *Kruger v. Novant Health, Inc.*, No. 14-208, 2016 WL 6769066, at *6 (M.D.N.C. Sept. 29, 2016); *Spano v. The Boeing Co.*, No. 06-743, 2016 WL 3791123, at *4 (S.D. Ill. Mar. 31, 2016); *Abbott v. Lockheed Martin Corp.*, No. 06-701, 2015 WL 4398475, at *4 (S.D. Ill. July 17, 2015); *Krueger v. Ameriprise Financial*, No. 11-2781, 2015 WL 4246879, at *4 (D. Minn. July 13, 2015); *Beesley v. Int'l Paper Co.*, No. 06-703, 2014 WL 375432, at *4 (S.D. Ill. Jan. 31, 2014). These fee awards represent a recognition by those courts that one-third of the monetary recovery is appropriate in cases of this type.

Indeed, because the court "must also consider the substantial affirmative relief when evaluating the overall benefit to the class" the actual requested fee is far below the one-third rate. *Beesley*, 2014 WL 375432 at *1 (citing Manual for Complex Litig., Fourth, §21.71, at 337 (2004)); Principles of the Law of Aggregate Litigation, A.L.I., May 20, 2009, § 3.13(b)("a percent-of-the-fund approach should be the method utilized in most common-fund cases, *with the percentage being based on both the monetary and the nonmonetary value of the settlement*") (emphasis added); *cf. Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (cautioning against an "undesirable emphasis" on monetary "damages" that might "shortchange efforts to seek effective

injunctive or declaratory relief").

The fee is demonstrably reasonable when non-cash benefits to the Class are measured, including the projection that the Class will save $3 million per year in fees savings as a result of the plan improvements included in the settlement.

### 6. Public Policy Considerations.

Counsel's fees should reflect the important public policy goal of providing lawyers with sufficient incentive to bring common fund cases, like this one, that serve the public interest. A fee of less than one-third of the monetary recovery would create poor incentives to bring a class action case such as this and would discourage lawyers from seeking plan improvements like the ones included in this settlement. Courts must scrutinize the unique circumstances of each case with "a jealous regard to the rights of those who are interested in the fund," but also provide incentives to bring these cases in the future. *Goldberger*, 209 F.3d at 53.

### B.  A lodestar crosscheck confirms the reasonableness of the fee request.

A lodestar cross-check "create[s] an unanticipated disincentive to early settlements, tempt[s] lawyers to run up their house, and compel[s] district court[s] to engage in a gimlet-eyed review of line-item fee audits." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Nevertheless, Class Counsel's requested fee represents a lodestar multiplier of 5, which is well within the range of acceptable multipliers.[1]

---

[1] *In re RJR Nabisco Sec. Litig.*, No. 88-905, 1992 WL 210138 (S.D.N.Y. Aug. 24, 1992) (multiplier of 6x); *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172 (W.D.N.Y. 2011) (5.3x multiplier); *In re Rite Aid Corp. Secs. Litig.*, 146 F. Supp. 2d 706, 736 n.44 (E.D. Pa. 2001) (concluding that, under the cross-check approach, a lodestar multiplier in the range of 4.5 to 8.5 was "unquestionably reasonable"); *In re Beverly Hills Fire Litig.*, 639 F. Supp. 915 (E.D. Ky. 1986) (5x multiplier); *In re Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.*, 778 F.2d 890 (1st Cir. 1985) (6x multiplier)); *New Eng. Carpenters Health Benefits Fund v. First Databank*, No. 05-11148, 2009 WL 2408560 (D. Mass. Aug. 3, 2009) (awarding a fee representing a multiplier of approximately 8.3 times the lodestar).

Here, Class Counsel worked 579.7 hours, resulting in a base lodestar of $329,920 to date, as well as additional hours since the filing of the fee application. The lodestar multiplier of Plaintiffs' requested fee is 5, within the range of reasonableness.

### C. Plaintiffs' efforts on behalf of the Class merit the requested service awards.

Plaintiffs seek a modest service award of $5,000 each, which Defendants do not oppose. Plaintiffs willingly put themselves forward in litigation against their former employer regarding their personal finances. *Beesley*, 2014 WL 375432, at *4 (risks of acting as named plaintiff in ERISA action include "alienation from employers or peers"). In recognition of their selfless service, the requested award is reasonable even in a case like this one that settled prior to the representatives engaging in a deposition.

### D. The Court should also award reimbursement of Class Counsel's costs.

Reimbursement of the litigation expenses that Counsel advanced in prosecuting this case is also warranted. Fed. R. Civ. P. 23(h).

Counsel in common fund cases may recover those expenses that would normally be charged to a fee-paying client. Counsel brought this case without guarantee of reimbursement or recovery, so they had a strong incentive to keep costs to a reasonable level, and they did so.

The Court has reviewed Class Counsel's description of these costs and expenses, broken down by category. The costs and expenses are the types of costs and expenses that are routinely reimbursed by paying clients, such as experts' fees, travel, mediation fees, and photocopying costs. Counsel's request for reimbursement of costs and expenses is fair and reasonable.

## III.  CONCLUSION

After consideration of Counsel's Petition, I conclude that the requested attorneys' fees and cost reimbursements are fair and merited. Accordingly, it is

*$1,250,000*

**ORDERED** that the requested attorney' fee of $1,666,666 is **APPROVED**, and it is

**FURTHER ORDERED** that the requested reimbursement of $58,883.39 in outstanding

costs and service awards of $5,000 each to Cynthia Richards-Donald and Michelle

DePrima are **APPROVED.**

IT IS SO ORDERED this 20th day of October, 2017.

*All motions are terminated.*

P. Kevin Castel
United States District Judge

*The action shall be closed as of Febry 1, 2018.*